UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>                              Plaintiff,<br><br>           v.<br><br>M BARR, Program Sergeant; *et al.*,<br><br>                              Defendants. | Civil No.   10-CV-2642-AJB (BGS)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION FOR DISCOVERY (Doc. No. 31);**<br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR DISCOVERY (Doc. No. 42);**<br>**(3) DENYING PLAINTIFF'S REQUEST FOR COPIES (Doc. No. 33);**<br>**(4) DENYING PLAINTIFF'S REQUESTS FOR PRETRIAL AND SETTING FOR TRIAL (Doc. Nos. 38 & 41); &**<br>**(5) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. No. 40)** |

On February 10, 2011, Plaintiff Condalee Morris, a state prisoner proceeding *pro se* and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. §1983, filed a first amended complaint. (Doc. No. 7.) On April 14, 2011, the Court granted Plaintiff's request to proceed in forma pauperis and directed the U.S. Marshall to effect service of the summons and first amended complaint upon the defendants pursuant to FED.R.CIV.P. 4(c)(3) and 28 U.S.C. § 1915(d). (Doc. No. 12.) On August 4, 2011, *nunc pro tunc* to July 22, 2011, Plaintiff filed a motion for discovery, seeking the address of Defendant Mace. (Doc. No. 31.) On August 4, 2011, *nunc pro tunc* to July 25, 2011, Plaintiff filed a request for a copy of the complaint and docket text in this case. (Doc. No. 33.) On August 12, 2011, *nunc pro tunc* to July 29, 2011, Plaintiff filed a request

for the Court to hold an Early Neutral Evaluation Conference, discovery conference, or status/case management conference. (Doc. No. 38.) On August 12, 2011, Plaintiff filed a motion to appoint counsel (Doc. No. 40), a motion for pretrial and setting for trial (Doc. No. 41), and a motion for discovery seeking the address of Defendant Mace (Doc. No. 42).

**I. Motions for Discovery**

On April 14, 2011, the Court issued an order directing the U.S. Marshal ("USMS") to effect service on the Defendants named in Plaintiff's First Amended Complaint ("FAC"). (Doc. No. 12.)

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge").

Here, Plaintiff seeks assistance in serving Defendant Mace, medical staff at Calipatria. The summons as to Defendant Mace has been returned "unexecuted." (Doc. No. 16.) The return of summons unexecuted indicates that Defendant Mace is not employed at Calipatria. (*Id.*) Accordingly, as long as Defendant Mace's forwarding address can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the USMS to effect service upon this

Defendant on his behalf. *See Puett*, 912 F.2d at 275.

The Court grants Plaintiff's motion for discovery (Doc. No. 31) and hereby directs the USMS to contact either the Litigation Coordinator at the Calipatria State Prison or the CDCR's Legal Affairs Division, if necessary, and provide current addresses within the CDCR's records or possession, and to forward those addresses to the USMS in a confidential memorandum. The Court denies as moot Plaintiff's second motion for discovery (Doc. No. 42), as it seeks the same relief.

**II. Request for Copies**

Plaintiff requests a copy of the complaint in this case, as well as a copy of the docket because he was denied his request to transfer facilities with his legal materials. (Doc. No. 33.) Plaintiff filed a notice of change of address on July 25, 2011, indicating that he is now housed at Calipatria state prison. (Doc. No. 27.) The Court denies Plaintiff's request. On August 1, 2011, the Court directed the Clerk of Court to provide Plaintiff with a copy of the docket. (Doc. No. 28.) This post-dates his recent change of address to Calipatria, and therefore Plaintiff should have a copy of the docket. Additionally, the Court rejected Plaintiff's recent submission of a duplicate copy of the First Amended Complaint and directed that the submission be returned to Plaintiff. (Doc. No. 36.) Therefore, Plaintiff will have in his possession a copy of the complaint in this action.

**III. Motions for Pretrial and Setting for Trial**

Plaintiff requests that the Court set an Early Neutral Evaluation Conference, a discovery conference, or a status/case management conference. (Doc. Nos. 38 & 41.) The Court denies Plaintiff's requests. Pursuant to Civ.L.R. 16.1(e)(8), Early Neutral Evaluation Conferences are not set in section 1983 prisoner cases. Additionally, it is premature for a case management or discovery conference in this case, as no defendant has yet to file an answer.

**IV. Motion to Appoint Counsel**

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. (Doc. No. 40.) This is Plaintiff's second request for appointment of counsel. The Court previously denied his request without prejudice on April 13, 2011, noting that neither the interests of justice nor exceptional circumstances warranted appointing counsel at the time. (Doc. No. 12 at 4.) Plaintiff makes the same arguments for appointment of counsel that he asserted previously. (Doc.

No. 40; cf. Doc. No. 9.) Plaintiff asserts that this case may involve expert testimony, the case will require discovery of documents and depositions of witnesses, Plaintiff has only a high school education and no legal education, this is a complex case, and that Plaintiff has limited access to legal materials and has no ability to investigate the facts of the case. (Doc. No. 40.)

"There is no constitutional right to appointed counsel in a §1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. §1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. The Court previously denied Plaintiff's request and nothing has substantially changed in this case since that time to change the Court's analysis. Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's first amended complaint contained allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* Doc. No. 12 at 3-4.) Plaintiff's second amended complaint is identical to his first amended complaint, except for additional attachments in support of his complaint. (*See* Doc. No. 39.)

Any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). Nonetheless, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."); *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Therefore, the Court finds that Plaintiff's arguments regarding his ability to obtain discovery, the potential need for experts, and his ability to obtain discovery and conduct depositions are not exceptional circumstances warranting the appointment of counsel at this time. Most of Plaintiff's arguments are not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se. See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

## Conclusion

For the reasons set forth above, the Court:

1. **GRANTS** Plaintiff's request for discovery (Doc. No. 31) and directs the USMS to contact either the Litigation Coordinator at Calipatria State Prison or the CDCR's Legal Affairs Division, if necessary, and provide current addresses for Defendant Mace within the CDCR's records or possession, and to forward those addresses to the USMS in a confidential memorandum;

2. **DENIES AS MOOT** Plaintiff's second request for discovery (Doc. No. 42);

3. **DENIES** Plaintiff's request for copies (Doc. No. 33);

4. **DENIES** Plaintiff's requests for pretrial and setting for trial (Doc. Nos. 38 & 41); and

///

///

///

5. **DENIES WITHOUT PREJUDICE** Plaintiff's motion to appoint counsel (Doc. No. 40).

**IT IS SO ORDERED**.

DATED: August 31, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge