UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>                                    Plaintiff,<br><br>          v.<br><br>M BARRA, Program Sergeant; *et al.*,<br><br>                                    Defendants. | Civil No.    10-CV-2642-AJB (BGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A CONTINUANCE PURSUANT TO FED.R.CIV.P. 56(d)** |

On August 12, 2011, Plaintiff Condalee Morris, a state prisoner proceeding *pro se* and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. §1983, filed a second amended complaint. (Doc. No. 39.) On August 29, 2011, Defendants M Barra, G J Janda, L Mills and D White filed a motion to dismiss the second amended complaint pursuant to Fed.R.Civ.P. 12(b) for failure to exhaust administrative remedies as to claims against Mills and Barra and for failure to state a claim as to claims against White and Janda. (Doc. No. 43.) A hearing date of October 11, 2011 is set for Defendants' motion, with no oral argument unless ordered by the Court. (*Id.*) On September 16, 2011, Plaintiff filed a motion requesting a continuance pursuant to Fed.R.Civ.P. 56(d)[1]. (Doc. No. 48.) Plaintiff then filed a response in opposition to Defendants' motion to dismiss

---

[1] The Court notes that effective December 1, 2010, Fed. R. Civ. Pro. 56(d) is the subdivision of Rule 56 that concerns when facts are unavailable to the nonmovant. Plaintiff filed his motion to continue under Fed.R.Civ.P. 56(f), which was the effective subdivision that concerned the same until December 1, 2010. Therefore, the Court construes Plaintiff's motion as one under 56(d) and not one under the current version of 56(f), which concerns a court's ability to enter judgment independent of a motion for summary judgment.

on September 19, 2011.  (Doc. No. 49.)

Plaintiff requests a continuance in order to procure additional evidence to adequately respond to "the answer given by defendant in this matter." (*Id.*) Plaintiff also asserts that his request is made on the grounds that he has filed a motion to compel this evidence and the Court has not yet ruled on that motion. (*Id.*)

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"To merit a continuance for additional discovery under Rule 56([d]), the party opposing summary judgment must file an affidavit specifying the facts that would be developed through further discovery." *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 996 (9th Cir. 2001) (citation omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001) (citation omitted).

As an initial matter, Plaintiff has not addressed the applicability of Rule 56(d)'s provisions regarding summary judgment to a motion to dismiss for failure to exhaust administrative remedies. Because Rule 56(d) is a subsection of the rules governing summary judgment, it is not applicable to the instant proceedings. However, even applying Rule 56(d), Plaintiff has not filed an affidavit specifying what facts would be developed through further discovery. Plaintiff's motion speaks generally about additional evidence, but does not specifically identify what evidence he seeks nor how the evidence would prevent his claims against Defendants from being dismissed for failure to exhaust or failure to state a claim. Although Plaintiff references a motion to compel "this evidence", no properly filed motion to compel is currently before the Court. Plaintiff has submitted numerous "motions for discovery" that have been rejected by the Court as duplicative of earlier motions for Defendant Mace's address or as being improperly filed with the Court, as discovery requests are not to be filed with the Court but served on parties. (*See* Doc. Nos. 31, 50-53.)  Additionally, Plaintiff has filed an opposition to the motion to dismiss that contains numerous exhibits totaling over 100

/ / /

1  pages.  Accordingly, the Court denies Plaintiff's motion for a continuance.

2  **IT IS SO ORDERED**.

4  DATED: September 22, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge