UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS, | Civil No.   10-CV-2642-AJB (BGS) |
| Plaintiff, | |
| | **ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY & EX PARTE MOTION FOR A CONTINUANCE PURSUANT TO FED.R.CIV.P. 56(d)** |
| v. | |
| M BARRA, Program Sergeant; *et al.*, | |
| Defendants. | |

On August 12, 2011, Plaintiff Condalee Morris, a state prisoner proceeding *pro se* and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. §1983, filed a second amended complaint. (Doc. No. 39.) On August 29, 2011, Defendants M Barra, G J Janda, L Mills and D White filed a motion to dismiss the second amended complaint pursuant to Fed.R.Civ.P. 12(b) for failure to exhaust administrative remedies as to claims against Mills and Barra and for failure to state a claim as to claims against White and Janda. (Doc. No. 43.)  A hearing date of October 11, 2011 was set for Defendants' motion, with no oral argument unless ordered by the Court. (*Id.*)  On September 16, 2011, Plaintiff filed a motion requesting a continuance pursuant to Fed.R.Civ.P. 56(d)[1]. (Doc. No. 48.) Plaintiff then filed a response in opposition to Defendants' motion to dismiss

---

[1]The Court notes that effective December 1, 2010, Fed. R. Civ. Pro. 56(d) is the subdivision of Rule 56 that concerns when facts are unavailable to the nonmovant.  Plaintiff filed his motion to continue under Fed.R.Civ.P. 56(f), which was the effective subdivision that concerned the same until December 1, 2010.  Therefore, the Court construes Plaintiff's motion as one under 56(d) and not one under the current version of 56(f), which concerns a court's ability to enter judgment independent of a motion for summary judgment.

1   on September 19, 2011.  (Doc. No. 49.)   The Court denied Plaintiff's motion for a continuance on

2   September 22, 2011.  (Doc. No. 54.)  Defendants filed a reply in support of their motion on

3   September 29, 2011.  (Doc. No. 55.)

4         After Defendants' reply to the motion to dismiss, Plaintiff submitted additional documents

5   supporting his opposition to the Defendants' motion to dismiss.  (*See* Doc. Nos. 77, 81, 83, & 85.)

6   In light of Plaintiff's additional submissions, the Court permitted Defendants to file a supplemental

7   reply. (Doc. No. 92.) Defendants filed a supplemental reply on December 12, 2011. (Doc. No. 96.)

8   Plaintiff filed an additional sur-reply on December 21, 2011.  (Doc. No. 96.)

9         On September 28, 2011, Plaintiff submitted a motion for discovery and motion to compel

10   discovery to the Court.  (Doc. No. 63.)  On October 5, 2011, Plaintiff filed a second motion for a

11   continuance pursuant to Fed.R.Civ.P. 56(d).  (Doc. No. 59.)  On October 3, 5, and 17, 2011, Plaintiff

12   filed three more motions to compel discovery.  (Doc. Nos. 73, 75, & 79.)

13   **I.  Plaintiff's Motions for Discovery and Motions to Compel Discovery**

14         Plaintiff's motions for discovery seek copies of the "A-5 sign in and sign out log book" for

15   August 12, 2010 (Doc. No. 63 at 1); copies of his appeal no. Cal-A-2372 and complaints filed by

16   his family and friends (Doc. Nos. 73 at 4; 75 at 3); and a 7219 form completed by Mace, a 7219

17   form completed by Herrera, a copy of Plaintiff's appeal under Cal-B-10-2064, and a copy of a CD-R

18   disk under Cal-FBP-10-08-0302 (Doc. No. 79 at 1-2.)   Plaintiff seeks this information in order to

19   confirm the identity of the medical staff identified in his second amended complaint as Jane Doe,

20   to prove he exhausted his administrative remedies as to his excessive force claim against Barra and

21   Mills, and to support his allegations against White and Janda for violation of his due process rights.

22   Plaintiff's motions to compel are identical to his motions for discovery, and seek to compel the same

23   documents. (Doc. Nos. 63 at 2; 73 at 1; 75 at 1; & 79 at 3-4.)

24         The Court denies Plaintiff's motions for discovery.  Discovery requests are not to be filed

25   with the Court, but served on parties.  *See* Fed.R.Civ.P. 34(a); Civ.L.R. 33.1(c).  Pursuant to Federal

26   Rule Civil Procedure 34(a), "[a] party may serve on any other party a request" to produce

27   documents.   Rule 34 does not require a court order to serve document requests on a party.

28   Discovery requests and responses normally are exchanged between the parties without any copy sent

to the Court.  Federal Rule of Civil Procedure 5(d)(1) mandates that requests for documents "*must not be filed*" with the Court "until they are used in the proceeding or the court orders filing." The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Only if a discovery dispute arises that the parties are unable to resolve among themselves, may the parties consider asking the Court to intervene in the discovery process by following Judge Skomal's Chambers' Rules.[2] The Court notes that Plaintiff has attempted to file other requests for discovery with the Court, which have been rejected on discrepancy as discovery requests are not to be filed with the Court. (*See* Doc. Nos. 51, 52.)

The Court also denies Plaintiff's motions to compel discovery.  It is unclear from Plaintiff's motions whether he actually served proper requests for production pursuant to Fed.R.Civ.P. 34 on defendants and whether they responded in any capacity.  Additionally, Plaintiff's motions to compel fail to comply with the Federal Rules of Civil Procedure, Civil Local Rules and Judge Skomal's Chambers' Rules regarding discovery disputes.  Federal Rule of Civil Procedure 37(a)(1) requires any motion to compel to include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to obtain it without court action.  Civil Local Rule 26.1 provides that the Court will not entertain any motion pursuant to Rules 26 through 37 of the Fed.R.Civ.P. unless the parties have met and conferred concerning all disputed issues.  Judge Skomal's Chambers' Rules also require parties to meet and confer prior to bringing discovery disputes to the Court's attention.  Plaintiff's motions to compel make no mention of any efforts to meet and confer with defendants on his discovery request.  Plaintiff only attaches with one of his requests a letter from defense counsel confirming that she has received copies of various requests and filings by Plaintiff.  (Doc. No. 73 at 3.)  The letter does not indicate that defense counsel objects to any of his discovery requests or refuses to produce the documents requested.  The letter seems to be in response not to a meet and confer request by Plaintiff, but in response to a concern that the prison was censoring his mail.  (*Id.*)

Additionally, the Court notes that most of the documents Plaintiff seeks to compel production

[2]The Court has attached a copy of Judge Skomal's Chambers' Rules.

10cv2642-AJB

1    of he has attached to various filings.  Plaintiff attached his appeal log number CAL-A-10-02372 to

2    Doc. Nos. 49 at 123-28, 77, and 81-1 at 18-19.  Plaintiff attached the 7219 forms completed by

3    Mace and Herrera to Doc. Nos. 39-5 at 11, 13 and 83 at 61. Plaintiff attached his appeal log number

4    CAL-B-10-2064 to Doc. Nos. 49 at 53-55, and 83 at 63-66.  Plaintiff attached the photographs of

5    the "B" yard holding cell and Barra's injuries from the "CD-R disk" to Doc. Nos. 39-2 at 13, 39-3

6    at 1-5, 39-4 at 1-5, and 49 at 48-52. Therefore, it appears Plaintiff has received most of the discovery

7    he seeks to compel, including the documents relevant to exhaustion of his claims against Mills and

8    Barra. It is not clear from his litany of filings what exactly Defendants have failed to produce, what

9    efforts Plaintiff made to informally resolve the dispute, and how the specific discovery he has not

10   received is relevant.

11   **II.  Plaintiff's motion for a continuance**

12          Plaintiff requests a continuance in order to procure additional evidence to adequately respond

13   to "the answer given by defendant in this matter." (*Id.*)  Plaintiff also asserts that his request is made

14   on the grounds that he has filed a motion to compel this evidence and the Court has not yet ruled on

15   that motion.  (*Id.*)

16          Rule 56(d) provides:

17          If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
             present facts essential to justify its opposition, the court may: (1) defer considering
18           the motion or deny it; (2) allow time to obtain affidavits or declarations or to take
             discovery; or (3) issue any other appropriate order.
19
20          "To merit a continuance for additional discovery under Rule 56([d]), the party opposing

21   summary judgment must file an affidavit specifying the facts that would be developed through

22   further discovery." *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 996 (9th Cir. 2001) (citation

23   omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show

24   that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel*

     *Teletrac, Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001) (citation omitted).

25          As an initial matter, Plaintiff has not addressed the applicability of Rule 56(d)'s provisions

26   regarding summary judgment to a motion to dismiss for failure to exhaust administrative remedies.

27   Because Rule 56(d) is a subsection of the rules governing summary judgment, it is not applicable

28   to the instant proceedings.  However, even applying Rule 56(d), Plaintiff has not filed an affidavit

specifying what facts would be developed through further discovery.  Plaintiff's motion speaks generally about additional evidence, but does not specifically identify what evidence he seeks nor how the evidence would prevent his claims against Defendants from being dismissed for failure to exhaust or failure to state a claim.  Although Plaintiff references a motion to compel "this evidence", as discussed above, the Court denies Plaintiff's motion to compel and notes it appears Plaintiff has received the evidence of exhaustion as to Mills and Barra he seeks to compel.  Additionally, Plaintiff has filed an opposition to the motion to dismiss that contains numerous exhibits totaling over 100 pages, several supplemental documents, a sur-reply, and a supplemental sur-reply.  The Court finds that Plaintiff has had ample opportunity to present his argument and evidence to the Court and does not find a continuance of Defendants' motion to dismiss appropriate.  Accordingly, the Court denies Plaintiff's motion for a continuance.

      **IT IS SO ORDERED**.

DATED: February 8, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge