UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>                              Plaintiff,<br><br>         v.<br><br>M BARRA, Program Sergeant; *et al.*,<br><br>                              Defendants. | Civil No.    10-CV-2642-AJB (BGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO DELAY RULING** |

On August 12, 2011, Plaintiff Condalee Morris, a state prisoner proceeding *pro se* and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. §1983, filed a second amended complaint. (Doc. No. 39.) On August 29, 2011, Defendants M Barra, G J Janda, L Mills and D White filed a motion to dismiss the second amended complaint pursuant to Fed.R.Civ.P. 12(b) for failure to exhaust administrative remedies as to claims against Mills and Barra and for failure to state a claim as to claims against White and Janda. (Doc. No. 43.) A hearing date of October 11, 2011 was set for Defendants' motion, with no oral argument unless ordered by the Court. (*Id.*) On September 16, 2011, Plaintiff filed a motion requesting a continuance pursuant to Fed.R.Civ.P. 56(d)[1]. (Doc. No. 48.) Plaintiff then filed a response in opposition to Defendants' motion to dismiss

---

[1] The Court notes that effective December 1, 2010, Fed. R. Civ. Pro. 56(d) is the subdivision of Rule 56 that concerns when facts are unavailable to the nonmovant. Plaintiff filed his motion to continue under Fed.R.Civ.P. 56(f), which was the effective subdivision that concerned the same until December 1, 2010. Therefore, the Court construes Plaintiff's motion as one under 56(d) and not one under the current version of 56(f), which concerns a court's ability to enter judgment independent of a motion for summary judgment.

on September 19, 2011. (Doc. No. 49.) The Court denied Plaintiff's motion for a continuance on September 22, 2011. (Doc. No. 54.) Defendants filed a reply in support of their motion on September 29, 2011. (Doc. No. 55.) On October 5, 2011, Plaintiff filed another motion requesting a continuance, which was denied by the Court on February 8, 2012. (Doc. Nos. 59 & 116.)

After Defendants' reply to the motion to dismiss, Plaintiff submitted additional documents supporting his opposition to the Defendants' motion to dismiss. (*See* Doc. Nos. 77, 81, 83, & 85.) In light of Plaintiff's additional submissions, the Court permitted Defendants to file a supplemental reply. (Doc. No. 92.) Defendants filed a supplemental reply on December 12, 2011. (Doc. No. 96.) Plaintiff filed an additional sur-reply on December 21, 2011. (Doc. No. 96.)

On February 9, 2012, the Court filed a Report and Recommendation on Defendants' motion to dismiss, recommending the motion be granted in part and denied in part. (Doc. No. 119). On February 13, 2012, Plaintiff filed an ex parte motion for the Court to delay ruling on Defendants' motion to dismiss until Defendants comply with a request for production of documents served December 7, 2011. (Doc. No. 120.) On February 15, 2012, Defendants filed a response in opposition. (Doc. No. 121.)

In his ex parte motion, Plaintiff seeks a 90 day delay of the Court's ruling until Defendants comply with Plaintiff's pending request for production of documents so that Defendants may "obtain all file materials, evaluate what request should be prepared, and have [Defendants] to get up to speed on the case." (Doc. No. 120 at 3.) Defendants oppose any delay, arguing Plaintiff has not specified how the requested documents, which request Defendants assert they received on February 1, 2012, could possibly affect the Court's ruling. (Doc. No. 121.) Additionally, Defendants delineate all of the discovery requests to which they have responded, including several requests for documents relating to exhaustion of administrative remedies. (*Id.*)

The Court, for lack of good cause shown, denies Plaintiff's ex parte motion to delay ruling on Defendants' motion to dismiss. Plaintiff has not specified what documents he is waiting to receive or how any of these documents affect the Court's ruling on Defendants' motion to dismiss. As the Court previously noted in denying Plaintiff's motions to compel discovery, "Plaintiff has received most of the discovery he seeks to compel, including the documents relevant to exhaustion

of his claims against Mills and Barra. It is not clear from his litany of filings what exactly Defendants have failed to produce, what efforts Plaintiff made to informally resolve the dispute, and how the specific discovery he has not received is relevant. (Doc. No. 116 at 4.) In the same order, the Court also found in denying Plaintiff's motion for a continuance of Defendants' motion to dismiss that Plaintiff had amble opportunity to present his argument and evidence to the Court, as he had submitted an opposition to the motion to dismiss containing numerous exhibits totaling over 100 pages, several supplemental documents, a sur-reply, and a supplemental sur-reply. (*Id.* at 5.) Accordingly, the Court does not find good cause to delay a ruling on Defendants' motion to dismiss.

**IT IS SO ORDERED**.

DATED: February 23, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge