UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>                              Plaintiff,<br><br>       v.<br><br>M. BARRA, Program Sergeant; L. MILLS, Correctional Officer; D. WHITE, Lieutenant; GJ JANDA, Warden; MACE, Medical Staff; and JANE DOE, Medical Staff,<br><br>                              Defendants. | Civil No.   10cv2642-AJB(BGS)<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. No. 43.]** |

   Before the Court is Defendants' motion to dismiss the second amended complaint.  (Dkt. No. 43.)  Plaintiff filed an opposition on September 19, 2011.  (Dkt. No. 49.)  Defendants filed a reply on September 29, 2011.  (Dkt. No. 55.)  On February 9, 2012, the Magistrate Judge filed a report and recommendation granting in part and denying in part Defendants' motion to dismiss the second amended complaint.  (Dkt. No. 119.)   Plaintiff and Defendants filed objections to the report and recommendation.  (Dkt. Nos. 122, 123.)  Defendants filed a reply to Plaintiff's objection on March 7, 2012.  (Dkt. No. 126.)  Plaintiff filed an amended objection to the report and recommendation on March 7, 2012.  (Dkt. No. 128.)  On March 19, 2012, Plaintiff filed a sur-reply to Defendants' objections.  (Dkt. No. 130.)  For the reasons set forth below, the Court ADOPTS in PART and DECLINES to ADOPT in PART the report and recommendation granting in part and denying in

part Defendants' motion to dismiss.[1]

## Procedural Background

On December 21, 2010, Plaintiff Condalee Morris, a state prisoner proceeding *pro se* and *in forma pauperis* filed a complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On February 10, 2011, Plaintiff filed a first amended complaint. (Dkt. No. 7.) On July 22, 2011, Defendants filed a motion to dismiss the first amended complaint. (Dkt. No. 26.) On August 1, 2011, the Court granted Plaintiff leave to file a second amended complaint and denied Defendants' motion to dismiss as moot. (Dkt. No. 28.) On August 12, 2011, Plaintiff filed a second amended complaint ("SAC") against Defendants L. Mills, M. Barra, D. White, G.J. Janda, Mace and Jane Doe. (Dkt. No. 39.) Defendants Mace and Jane Doe have not yet been served or properly served.

On August 29, 2011, Defendants M. Barra, GJ Janda, L. Mills and D. White filed a motion to dismiss the second amended complaint. (Dkt. No. 43.) On September 19, 2011, Plaintiff filed an opposition. (Dkt. No. 49.) Defendants filed a reply on September 29, 2011. (Dkt. No. 55.) Plaintiff submitted additional documents supporting his opposition to Defendants' motion to dismiss. (Dkt. Nos. 77, 81, 83 & 85.) The Court permitted Defendants to file a supplemental reply. (Dkt. No. 92.) Defendants filed a supplemental reply on December 12, 2011. (Dkt. No. 96.)

On February 9, 2012, the Magistrate Judge filed a report and recommendation granting in part and denying in part Defendants' motion to dismiss the second amended complaint. (Dkt. No. 119.) Plaintiff and Defendants filed objections to the report and recommendation. (Dkt. Nos. 122, 123.) Defendants filed a reply to Plaintiff's objection on March 7, 2012. (Dkt. No. 126.) Plaintiff filed an amended objection to the report and recommendation on March 7, 2012. (Dkt. No. 128.) Plaintiff filed a sur-reply to Defendants' objections on March 19, 2012. (Dkt. No. 130.)

## Factual Background

In the second amended complaint, Plaintiff alleges that Defendants Mills and Barra sexually assaulted Plaintiff and used excessive force in violation of the Eighth Amendment. (SAC at 5-9.)

---

[1] On March 26, 2012, Plaintiff filed a notice of appeal to the Ninth Circuit of the Magistrate Judge's Report and recommendation filed on February 9, 2012. (Dkt. No. 131.) Since the Magistrate Judge's Report and Recommendation is not a final judgment, the Court addresses the merits of Defendants' motion to dismiss at this time.

1  Plaintiff also alleges Defendants Barra, Mace and Jane Doe violated his Eighth Amendment right to
2  adequate medical care.  (Id. at 10-13.)  Plaintiff further alleges Defendants White and GJ Janda
3  violated his Fourteenth Amendment right to due process.  (Id. at 14-16.)  Plaintiff's claims against
4  Defendants arise out of an encounter Plaintiff had with Defendants Mills and Barra on August 12,
5  2010, the medical treatment Plaintiff received following this encounter, and a disciplinary hearing
6  held on September 8, 2010 regarding the encounter.  On August 29, 2011, Defendants filed a motion
7  to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b) for
8  failure to exhaust administrative remedies as to the claims against Defendants Mills and Barra and
9  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to claims against
10 Defendants White and Janda.  (Dkt. No. 43.)

**Discussion**

**A.      Service of Process as to Defendant Mace**

A prisoner proceeding *pro se* and *in forma pauperis* is entitled to rely on the United States Marshal for service of the summons and complaint, provided the plaintiff has furnished the information necessary to identify and serve the defendant.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  A litigant relying on the marshal for service must provide the information necessary to effect service and must "attempt to remedy any apparent service defects of which [he] has knowledge."  Puett, 912 F.2d at 274–75.

On August 12, 2011, Plaintiff filed a second amended complaint ("SAC") against Defendants L. Mills, M. Barra, D. White, G.J. Janda, Mace and Jane Doe.  (Dkt. No. 39.)  On June 6, 2011, the summons was returned unexecuted as to Mace as she no longer worked at the institution.  (Dkt. No. 16.)  On September 29, 2011, the summons was returned executed as to Defendant Mace at a confidential address.  (Dkt. No. 56.)  However, the Court notes that the U.S. Marshal did not personally serve Defendant Mace as required by Federal Rule of Civil Procedure 4(e), but mailed the complaint and summons to the confidential address.  Second, the return receipt form was signed by a person named "Art" not Mace.  (Id. at 2.)  The Court concludes that service of process was not properly conducted by the U.S. Marshal.  The Court ORDERS that the U.S. Marshal personally

serve the summons and the second amended complaint to Defendant Mace at the confidential address.

**B.**     ***Sua Sponte*** **Dismissal of Defendant Jane Doe**

The 120–day period for service of the summons and complaint applies to Doe defendants. See Scott v. Hern, 216 F.3d 897, 911–912 (10th Cir. 2000) (upholding dismissal of an action against John and Jane Does for failure to effect timely service under Rule 4(m)); Figueroa v. Rivera, 147 F.3d 77, 83 (1st Cir.1998) (holding, in the alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint); Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill.1995) (referring to Rule 4(m) and stating that "authorities clearly support the proposition that John Doe defendants must be identified and served within 120 days of the commencement of the action against them").

Plaintiff has not provided reasons why he has not identified and served Defendant Jane Doe. Accordingly, the Court *sua sponte* dismisses Defendant Jane Doe without prejudice for failure to timely pursuant to Federal Rule of Civil Procedure 4(m).[2]

**C.**     **Scope of Review of Magistrate Judge's Report and Recommendation**

The district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). A district court may adopt those parts of a Magistrate Judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 152-53 (1985).

**D.**     **Exhaustion of Administrative Remedies**

---

[2]The Court notes that the Magistrate Judge *sua sponte* addressed the substantive merits of Defendants' motion to dismiss as to Defendants Mace and Jane Doe. (Dkt. No. 119.) The report concluded that Plaintiff failed to exhaust his administrative remedies as to the claim for inadequate medical care as to Defendants Mace and Jane Doe and recommended dismissal with prejudice. (Dkt. No. 119 at 22.) The Court concludes that it lacks jurisdiction over a defendant if the defendant has not been served. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). In addition, exhaustion is an affirmative defense that must be raised and proven by Defendant. See Jones v. Bock, 127 S. Ct. 910, 919 (2007). Therefore, it was not proper for the Magistrate Judge to consider the exhaustion issue as to Defendants Mace and Jane Doe.

1    The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "no action shall be brought with respect to prison conditions under § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is no longer within the discretion of the district courts but is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006). "Prisoners must now exhaust all available remedies, not just those that meet federal standards." Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. A prisoner cannot satisfy the exhaustion requirement by "filing an untimely or otherwise procedurally defective administrative grievance or appeal." See id. at 83. However, once no remedy remains "available," a prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

A plaintiff who fails to exhaust available administrative remedies prior to filing suit is subject to dismissal on an "unenumerated Rule 12(b) motion, rather than a summary judgment motion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Nonexhaustion under § 1997e(a) is an affirmative defense and defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S. Ct. 910, 919 (2007); Brown, 422 F.3d at 936 ("it is of central importance that § 1997e(a) is an affirmative defense").

An inmate is required to use the administrative process that the state provides in order to exhaust his administrative remedies. See Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). The administrative review process of the California Department of Corrections and Rehabilitation ("CDCR"), in 2010[3] when the alleged constitutional violations occurred, consisted of a grievance system for prisoner complaints, in which "any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Four levels of appeal existed: (1) informal resolution, (2) formal written appeal via a Form 602 grievance, (3) second level appeal to the institution head, and (4) third level appeal to the Director of

---

[3]The California Department of Corrections and Rehabilitation inmate formal administrative appeals process underwent a major revision in 2011. See 2011 CA REG TEXT 248824 (NS)

1  the California Department of Corrections. At each level, the inmate must submit the appeal within
2  15 working days of the event or decision being appealed, or of receiving an unacceptable lower level
3  appeal decision. Id. at 3084.6(c).

4  In their motion to dismiss, Defendants Mills and Barra argue that Plaintiff failed to exhaust
5  administrative remedies. The Magistrate Judge concluded that Plaintiff failed to properly exhaust
6  his administrative remedies as to his Eighth Amendment claim of sexual assault and excessive force
7  against Defendants Mills and Barra and recommended that the Court grant Defendants' motion to
8  dismiss without leave to amend. The Magistrate Judge also concluded that Plaintiff failed to
9  properly exhaust his administrative remedies as to his Eighth Amendment claim of deliberate
10 indifference to serious medical needs against Defendant Barra and recommended that the Court
11 grant Defendants' motion to dismiss without leave to amend.

12 **1.     Background**

13 On August 12, 2010, Plaintiff submitted a Form 602, the first formal written appeal, alleging
14 that Defendants Mills and Barra sexually assaulted him in Log Number CAL-A-10-1870. (Dkt. No.
15 43-4, Nava Decl., Ex. 2.) He also alleged that Defendant Barra was trying to cover up the assault
16 by accusing Plaintiff of assaulting Defendant Barra. (Id.) The appeal was received by the Appeals
17 Coordinator on August 26, 2010. (Id.) Plaintiff did not submit the required Rights and
18 Responsibilities statement with his appeal.

19 In a decision dated October 1, 2010, and signed by Defendant Associate Warden Janda on
20 September 29, 2010, Plaintiff's first formal level of review was denied. (Id., Nava Decl., Ex. 4.)
21 The decision noted that Plaintiff was interviewed on September 21, 2010 and he refused to
22 cooperate with the interview or sign his Rights and Responsibilities form. (Id.) The Rights and
23 Responsibility statement indicates that Plaintiff refused to sign on September 23, 2010. (Id., Ex. 3.)
24 Plaintiff later signed the statement on October 5, 2010 after the first formal level of review was
25 already denied. (Id.) The decision also noted that a confidential inquiry had been conducted where
26 Correctional Lieutenant R. Nelson, Defendant Barra and Defendant Mills were questioned. (Id., Ex.
27 4.) The decision found that staff did not violate CDCR policy with respect to some of the issues
28 raised and that the inquiry was complete. (Id.)

1    On October 5, 2010, Plaintiff requested a second-level review which was received by the
2 Appeals Coordinator on October 19, 2010. (Id., Ex. 5.) On October 26, 2010, Plaintiff's second
3 level appeal was screened out in a written notice returning his second-level appeal documents. (Id.,
4 Ex. 6.) The written notice states that his "appeal constitutes an abuse of the appeal process . . .
5 "Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal. . . ." (Id.)
6 The notice also informed Plaintiff that a cancelled appeal may not be submitted; "[h]owever a
7 separate appeal can be filed on the cancellation decision." (Id.) "The original appeal may only be
8 resubmitted if the appeal on the cancellation decision is granted." (Id.)

9    In response, on October 28, 2010, Plaintiff submitted a Form 602 with Log Number CAL-A-
10 10-02372 regarding the cancellation of appeal Log Number CAL-A-10-1870 alleging that he did not
11 refuse to interview or cooperate with the reviewer. (Dkt. No. 49 at 123-24.) He alleged that he told
12 the reviewer that he was not finished with his statement and wanted to attach all the supporting
13 documents from RVR Log Number 08-10-B30 before signing the Rights and Responsibilities
14 statement. (Id.)

15    On January 14, 2011, Plaintiff's appeal of the cancellation of appeal Log Number CAL-A-
16 10-1870 was denied at the first level of review with an attached written response dated January 12,
17 2011. (Dkt. No. 49 at 124-26.) The response noted that Plaintiff was interviewed on December 29,
18 2010 and the response concluded that Plaintiff had confirmed that he refused to sign the Rights and
19 Responsibilities statement and there was no reason to alter the original decision to cancel appeal Log
20 Number CAL-A-10-1870. (Id.) The written response informed Plaintiff that he could appeal for a
21 second level of review. (Id.)

22    On January 18, 2011, Plaintiff filled out section "H" of the appeal form and explained why
23 he was dissatisfied with the denial of his appeal at the first level. (Id. at 124.) On February 4, 2011,
24 Plaintiff's appeal of the first level denial was rejected and returned to Plaintiff because it was
25 incomplete since he filled out section "H" instead of section "F." (Id. at 127.)

26    On April 12, 2011, Plaintiff's appeal was cancelled for submitting the appeal outside the
27 time limits pursuant to Cal. Code Reg. tit. 15, § 3084.6(c)(4). (Dkt. No. 49 at 128.) The notice
28 states that Plaintiff's appeal to the second level of review was returned to him on February 4, 2011

1 and Plaintiff did not respond until April 12, 2011. (Id.)

2 As to the claim for deliberate indifference to serious medical needs against Defendant Barra, on November 6, 2010, Plaintiff filled out a Form 602 alleging that he was denied and delayed medical care. (Dkt. No. 43-4, Ex. 7.) He claims that Defendant Barra interfered with Defendant Mace's job on August 12, 2010 when Plaintiff complained to Mace about the sexual assault by Defendants Barra and Mills. (Id.) Plaintiff also alleged that he told Mace about the sexual assault by Barra and Mills and that Mace witnessed the assault in the "B" yard clinic and that Mace fabricated "CDCR 7219" to conceal Defendants' actions. (Id.) Plaintiff also explained his delay in filing the appeal as he was waiting on all the 115 hearing documents concerning the charge of battery on staff which he received on September 20, 2010. (Id.) In addition, since there was an investigation by the Investigative Services Unit ("ISU") at the same time concerning his appeal in Log Number CAL-A-10-1870, he was waiting until the investigation was over in order to support the current inadequate medical care appeal. (Id.) The appeal was not given a Log Number. (Id.)

On November 18, 2010, Plaintiff's first level appeal of the medical care issue was screened out by the Appeals Coordinator. (Dkt. No. 43-4, Ex. 8.) The appeal was returned to him because "there [was] too great a time lapse between when the action or decision occurred and when [Plaintiff] filed [his] appeal with no explanation of why you did not or could not file in a timely fashion." (Id.) The notice instructed Plaintiff to submit an explanation and supporting documentation explaining why he did not or could not file his appeal timely in order to pursue his appeal within fifteen working days. (Id.) Plaintiff did not subsequently submit an explanation or supporting documentation.

**2.     Analysis**

Plaintiff objects to the report and recommendation arguing that he exhausted his claim because there is a third level Director decision on Plaintiff's grievance of excessive force which he attaches to his objections. (See Dkt. No. 128 at 9.) In his most recent sur-reply, Plaintiff again contends that he exhausted his claims when he submitted the cancelled appeal to the third level of

review.[4] (Dkt. No. 130 at 3.) In their reply to Plaintiff's objections, Defendants argue that the exhibit is not a third-level decision but a letter by the Office of Appeals at the third level informing Plaintiff that he is attempting to submit an appeal that has been previously cancelled which is considered a misuse or abuse of the appeal process. (Id.)

The regulations, at the time of the alleged incident, required an inmate to file a Rights and Responsibilities form with his grievance. Cal. Code Reg. tit. 15, § 3084.1(e); see also Dkt. No. 43-4, Nava Decl., Ex. 1.) The regulations also provides that "[f]ailure to submit this form will be cause for rejecting the appeal." Id. In addition, an inmate's refusal to be interviewed or cooperate with the reviewer will result in cancellation of the appeal. Id. § 3084.4(d).

Plaintiff admits he did not sign the Rights and Responsibilities form. He explains that he had not finished his statement and wanted to attach all supporting documentation; however, the Rights and Responsibilities form does not require Plaintiff to have finished any statement or require any supporting documentation. The form informs Plaintiff of his rights and the agency's responsibility in investigating a citizen's complaint. Therefore, it is undisputed that Plaintiff failed to comply with the procedural regulations by not signing the Rights and Responsibilities form. Accordingly, the Court OVERRULES Plaintiff's objections and concludes that Plaintiff has failed to exhaust his claim of excessive force and sexual assault against Defendants Mills and Barra. See Woodford, 548 U.S. at 90 ("[p]roper exhaustion demands compliance with an agency's deadlines and other procedural rules."). The Court ADOPTS the report and recommendation and GRANTS Defendants Barra and Mills' motion to dismiss the claim of excessive force and sexual assault for failure to exhaust administrative remedies with prejudice.

In addition, Plaintiff objects to the report and recommendation arguing that exhaustion occurs when prison official prevent exhaustion from occurring by failure to respond to a grievance within the policy time limits. (Dkt. No. 128, Pl's Obj. at 4.)

Prisoners must exhaust "such administrative remedies as are available" prior to filing suit in

---

[4] Plaintiff cites to an unpublished district court case, Richardson v. Sullivan, 2005 WL 2465936 (E.D. Cal. 2005) to support his proposition; however, that case relied on the lower court decision of Woodford v. Ngo, 548 U.S. 81 (2006). The Supreme Court decision reversed the lower court's decision and held that PLRA exhaustion requirement requires proper exhaustion. Id.

federal court challenging prison conditions. 42 U.S.C. § 1997e(a). An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. Nunez v. Duncan, 591 F.3d 1217, 1224 (9 Cir. 2010).

Here, although some responses were late, Plaintiff received a response to his appeals, and therefore, administrative remedies were available and he was required to appeal the denial of his grievances within the time frame set by the prison. Defendants cite to cases from other circuits to support his argument that administrative remedies are exhausted when prison officials fail to respond to inmate grievances because those remedies become "unavailable." Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (holding that because prison officials responded to his grievance administrative remedies were available and he was required to appeal the denial within the time frame set by the prison); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (prison officials did not respond to his grievance). However, these cases concerned the prison's failure to respond, not a delay in responding, so in those case, no remedies would have been available.

Even if the prison officials did not comply with their own timeline, it did not prevent Plaintiff from timely exhausting his appeal. Plaintiff still had fifteen days from the date he received a decision. See Cal. Code Regs. tit 15, § 3084.6(c). Plaintiff's failure to meet procedural requirements was not because of prison officials but his failure to comply with the rules. Accordingly, the Court OVERRULES Plaintiff's objections to the report and recommendation and the Court ADOPTS the report and recommendation and GRANTS Defendants Barra and Mills' motion to dismiss the claims of excessive force and sexual assault for failure to exhaust administrative grievance with prejudice.

As to the claim for deliberate indifference to serious medical needs, Plaintiff objects arguing that he filed his grievance passed the deadline because of the prison regulations and the fact that he was told by an ISU security officer that he must wait for the completion of the ISU investigation and receive a copy of the investigative report before he could file a formal grievance. (Dkt. No. 128 at 25.)

"If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies." Marella v Terhune, 568 F.3d 1024,

1  1028 (9th Cir. 2009) (citing Woodford, 548 U.S. at 88.)

2        The alleged incident occurred on August 10, 2010. Almost three months later, on November 6, 2010, Plaintiff filled out a Form 602 alleging that he was denied and delayed medical care by Defendants Barra and Mace. (Dkt. No. 43-4, Ex. 7.) He claims that Defendant Barra interfered with Defendant Mace's job on August 12, 2010 when Plaintiff complained to Mace about the sexual assault by Defendants Barra and Mills. (Id.) On the Form 602, Plaintiff also explained his delay in filing the appeal as he was waiting on all the 115 hearing documents concerning the charge of battery on staff which he received on September 20, 2010. In addition, since there was an investigation by ISU at the same time concerning his appeal in Log Number CAL-A-10-1870, he was waiting until the investigation was over in order to support the current inadequate medical care appeal. (Id.)

      On November 18, 2010, Plaintiff's first level appeal of the medical care issue was screened out by the Appeals Coordinator because Plaintiff did not file the grievance within 15 working days of the incident. (Dkt. No. 43-4, Ex. 8.) The written appeal response stated "there [was] too great a time lapse between when the action or decision occurred and when [Plaintiff] filed [his] appeal with no explanation of why you did not or could not file in a timely fashion." (Id.) The decision also noted his explanation for submitting an untimely appeal but concluded that it was not a valid or compelling argument. (Id.) The written response instructed Plaintiff to submit an explanation and supporting documentation explaining why he did not or could not file his appeal timely in order to pursue his appeal within fifteen working days. (Id.) Plaintiff did not subsequently submit an explanation or supporting documentation.

      In his objection, Plaintiff argues that he was told informally by an ISU security officer that he must wait for the completion of the ISU investigation and wait for a copy of the ISU investigative report before filing a formal grievance. (Dkt. No. 128 at 25.) First, Plaintiff does not provide the name of the security officer who gave him this information and does not provide an affidavit or declaration stating these facts. In addition, Plaintiff does not point to relevant regulation that requires an inmate to wait before filing a formal grievance.

      Plaintiff also claims that the policy statement in CCR § 3084.1(a), stating that an inmate may

1 appeal any department's decision or policy that has an adverse effect upon his or her welfare, induced him to believe that he was required to wait for the completion of the investigation prior to filing a formal grievance. (Dkt. No. 128 at 25; Dkt. No. 130 at 14, 29.) It is not clear how this regulation induced Plaintiff to delay filing his grievance.

Here, Plaintiff had the opportunity and ability to file a timely grievance but did not because he summarily alleges an ISU security officer told him he had to wait for the completion of the ISU investigation.[5] Without more facts and/or evidence to excuse his late filing, the Court concludes that Plaintiff failed to meet the procedural requirements for exhaustion regarding his claim for deliberate indifference to serious medical needs. See Woodford, 548 U.S. 83-84. Accordingly, the Court OVERRULES Plaintiff's objections to the report and recommendation, ADOPTS the report and recommendation and GRANTS Defendant Barra's motion to dismiss the claim for deliberate indifference to serious medical needs for failure to exhaust administrative remedies without prejudice.

**E.     Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Defendants White and Janda filed a motion to dismiss for failure to state a claim. The report and recommendation recommended that Defendant White's motion to dismiss Plaintiff's claim of due process be denied and that Defendant Janda's motion to dismiss the claim of due process be granted without leave to amend. Plaintiff filed objections the Magistrate Judge's recommendation that Defendant Janda's motion to dismiss be granted. Defendant White filed objections to the report and recommendation that the claim of due process be denied.

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts

---

[5] Based on the evidence in this case, it is not clear why Plaintiff submitted his grievance appeal regarding the deliberate indifference to serious medical needs claim against Defendant Barra on November 6, 2010. According to the record, appeal Log Number CAL-A-10-1870 was completed on October 1, 2010. The appeal of the cancellation of Log Number CAL-A-10-1870 was not complete until April12, 2011. He claims that he received the supporting documents concerning the 115 charge of battery on staff on September 20, 2010. Plaintiff also claims that he never received an investigative report by ISU. Therefore, since he was waiting on the conclusion of these appeals and investigation, Plaintiff does not explain why he filed a 602 grievance against Barra on November 6, 2010, prior to the conclusion of these investigations.

1  to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
2  (2007).
3        Allegations of material fact are taken as true and construed in the light most favorable to the
4  nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court
5  need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted
6  deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979,
7  988 (9th Cir. 2001); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the
8  elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly,
9  550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion
10 couched as a factual allegation."). "Conclusory allegations of a violation of section 1983 or
11 conspiracy to violate section 1983 will not survive a motion to dismiss." Simmons v. Sacramento
12 County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Price v. Hawaii, 939 F.2d 702, 707–08
13 (9th Cir. 1991) (stating that "[c]onclusory allegations, unsupported by facts, [will be] rejected as
14 insufficient to state a claim under the Civil Rights Act.") "In sum, for a complaint to survive a
15 motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that
16 content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United
17 States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).
18       Where a plaintiff appears in propria persona in a civil rights case, the court must construe the
19 pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles
20 Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly
21 important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving
22 liberal interpretation to a *pro se* civil rights complaint, however, the court may not "supply essential
23 elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska,
24 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in
25 civil rights violations are not sufficient to withstand a motion to dismiss." Id. .

### 1. Defendant White

Defendant White moves to dismiss the claim of due process arguing that there is no liberty interest when Plaintiff does not allege that he lost any good-time credits. The Magistrate Judge

1  recommended that Defendant White's motion to dismiss Plaintiff's claim of due process be denied
2  citing to a district court case and explaining that the court should look at the potential penalty that an
3  inmate faces at a disciplinary hearing as opposed to the ultimate penalty imposed. (Dkt. No. 119 at
4  21.) Defendant objects arguing that there is no protected liberty interest if no good-time credits are
5  ultimately lost. (Dkt. No. 123.)

6  In the second amended complaint, Plaintiff alleges that he received a disciplinary hearing
7  before Defendant White. (SAC at 15.) Plaintiff claims that Defendant White failed to call six out of
8  the seven witnesses Plaintiff requested. (Id.)

9  On September 8, 2010, a hearing was held for the Rules Violations Report ("RVR")
10 concerning Plaintiff's battery on a peace officer, a Division "B" offense. (Dkt. No. 43-1 at 18.) On
11 September 20, 2010, the final disposition indicated that he was guilty of the charged offense and was
12 assessed 90 days forfeiture of credit consistent with a Division "D" Offense. (Id.) After a review by
13 the Second Level Reviewer, on September 24, 2010, due to a misclassification, the 90 days
14 forfeiture of credit was reduced to zero and the proper classification of a Division "B" Offense was
15 noted. (Id.)

16 The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any
17 person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The
18 Due Process Clause protects against the deprivation of liberty without due process of law.
19 Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To plead procedural due process violations, a
20 plaintiff must allege: (1) a life, liberty or property interest exists and has been subject to interference
21 by the state; and (2) the procedures attendant upon the deprivation of an existing interest were
22 constitutionally insufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460
23 (1990). A plaintiff must first identify a liberty interest for which the protection is sought. Id. The
24 Due Process Clause does not confer a liberty interest in freedom from state action taken within a
25 prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 (1995). However, a state
26 may "create liberty interests which are protected by the Due Process Clause." Id. at 483-84. A
27 prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes
28 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

1 Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

2     There is no due process violation when good-time credits are restored as there is no significant hardship on the inmate. See Womack v. Grannis, No. 10-17952, 2011 WL 4794939, at *1 (9th Cir. Oct. 11, 2011) (affirming district court's dismissal of due process claim because good time credits had been restored); Gonzalez v. Prunty, 97-55718, 1998 WL 19598, at *1 (9th Cir. Jan. 20, 1998) (affirming district court's dismissal of due process claim because good-time credits were restored when the disciplinary charges were dismissed after internal appeals); Luu v. Babcock, S-06-2262, 2009 WL 276738, *3 (E.D. Cal. Feb. 5, 2009) (dismissing Plaintiff's due process claim because good time credits were restored and the complaint does not allege an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

    In the second amended complaint, Plaintiff does not allege that he lost good time credits. In fact, in his opposition to the motion to dismiss, Plaintiff states that he does not allege he lost good time credits and therefore, Defendant White "did not violate Plaintiff's due process rights, and this claim should be dismissed." (Dkt. No. 49 at 16.) The report and recommendation came to a different conclusion and concluded that Plaintiff stated a due process claim even though he was not assessed any loss of time credits. Because of the report's conclusion that Plaintiff stated a due process claim against Defendant White, Plaintiff's position changed and he supports the Magistrate Judge's conclusion. However, since Plaintiff has not alleged a loss of good time credits and in fact good time credits were not assessed, he has failed to identify a liberty interest to support a claim of a due process violation.

    Accordingly, the Court SUSTAINS Defendant's objections and OVERRULES the report and recommendation as to the due process claim against Defendant White. The Court GRANTS Defendant White's motion to dismiss the due process claim for failure to state a claim without leave to amend.[6]

---

[6] In his sur-reply, Plaintiff raises new claims of due process violations. (Dkt. No. 130 at 45-46.) Specifically, he claims that he was denied the remand and rehearing procedure under CCR §§ 3315(c)(4)(A)(B)(C)(5) and 3084.5(2)(D). (Dkt. No. 130 at 46.) These claims are not in his second amended complaint. In addition, Plaintiff may not bring up new claims for relief in a sur-reply. See Cacoperdo v. Demosthenes, 37 F.3d 504, 407 (9th Cir. 1994). Accordingly, the Court declines to address his new allegations of due process violations.

**2. Defendant Janda**

Defendant Janda moves to dismiss the due process claim contending that there is no constitutional right to a prison administrative grievance system. The report and recommendation recommended that Defendant Janda's motion to dismiss the Fourteenth Amendment due process claim be granted without leave to amend because Plaintiff does not have a liberty interest or a substantive right in inmate appeals. Plaintiff objects arguing that as a supervisor, Janda became responsible for the due process violations when he failed to correct the violation. (Dkt. No. 128 at 55.)

In the second amended complaint, Plaintiff alleges that his due process rights were violated when Defendant Associate Warden Janda denied his administrative grievance complaining that only one out of seven of his witnesses had been called at his disciplinary hearing.[7] (SAC at 16.)

An allegation, that a supervisory prison official who denies an inmate's administrative grievance, does not state a cause of action as Plaintiff does not have a liberty interest in the inmate appeals process. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (inmates do not have a "constitutional entitlement to a specific prison grievance procedure."); George v Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

In his objections, Plaintiff argues that as a high level prison officer designated to decide disciplinary appeals, Defendant Janda has a duty to conduct an investigation when confronted with evidence of due process violations. It has been held that prison officials deciding inmate appeals must "conduct at least a minimal investigation to determine whether there [is] any merit to plaintiff's appeal." Bardo v. Tilton, No. 2:07-cv2558, 2010 WL 2604681 (E.D. Cal. June 28, 2010) (citing King v. Higgins, 702 F.2d 18, 21 (1st Cir. 1983)).

Plaintiff alleges that Janda violated his due process rights by denying his administrative appeal concerning White's refusal to call six of Plaintiff's witnesses at the disciplinary hearing. In the second amended complaint, Plaintiff does not allege a failure to investigate or consider his

---

[7]The parties do not dispute that Plaintiff filed a formal appeal regarding his denial of witnesses at his disciplinary hearing.

appeal. Accordingly, Plaintiff has failed to satisfy the pleading requirements and fails to state a cause of action for a due process violation under Federal Rule of Civil Procedure 12(b)(6).

Accordingly, the Court OVERRULES Plaintiff's objections, ADOPTS the report and recommendation, and GRANTS Defendant Janda's motion to dismiss the due process claim for failure to state a claim with leave to amend.

## Conclusion

Based on the above, the Court SUSTAINS Defendant's objections and OVERRULES Plaintiff's objections to the report and recommendation. Accordingly, the Court ADOPTS in part and DECLINES to ADOPT in part the Magistrate Judge's report and recommendation. IT IS HEREBY ORDERED that:

1. The Court *sua sponte* DISMISSES Defendant Jane Doe for Plaintiff's failure to timely serve Mace pursuant to Federal Rule of Civil Procedure 4(m).
2. The Court GRANTS Defendants Mills and Barra's motion to dismiss the Eighth Amendment violation based on sexual assault and excessive force for failure to exhaust administrative remedies. The Court DISMISSES the claim with prejudice.
3. The Court GRANTS Defendants Barra's motion to dismiss the Eighth Amendment claim for deliberate indifference to serious medical needs for failure to exhaust administrative remedies. The Court DISMISSES the claim without prejudice.
4. The Court GRANTS Defendant White's motion to dismiss the due process claims without leave to amend.
5. The Court GRANTS Defendant Janda's motion to dismiss the due process claims with leave to amend.
6. The remaining claim in the second amended complaint is the claim of deliberate indifference to serious medical needs as to Defendant Mace. The Court ORDERS that the United States Marshal *personally* serve a copy of the second amended complaint and summons upon Defendant Mace on U.S. Marshal Form 285. All costs of service shall be advanced by the United States. Defendant Mace shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P.

12(a); 42 U.S.C. § 1997e(g).

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the defendants or counsel of defendants and the date of service.

Plaintiff may file a third amended complaint no later then 30 days after the date of the filing of this order. Plaintiff should note that all claims alleged in the Second Amended Complaint which are not asserted in the Third Amended Complaint will be considered waived. King v. Atiyah, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS SO ORDERED.

DATED: March 27, 2012

Hon. Anthony J. Battaglia
U.S. District Judge