UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>                                  Plaintiff,<br>  vs.<br><br>MARK BARRA, et al.,<br><br>                                Defendants. | CASE NO. 10-CV-02642-AJB (BGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

      On November 23, 2011, Plaintiff Condalee Morris, a prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. §1983, filed a motion to appoint counsel. (Doc. No. 103.) Plaintiff has previously filed two unsuccessful motions for the appointment of counsel. (*See* Doc. Nos. 3, 9, 12, 40 & 44.) These motions were denied for failing to show either that "exceptional circumstances" were present, or that granting counsel was in the interest of justice. (*See* Doc. Nos. 12 & 44.) For the reasons set forth below, the Court DENIES Plaintiff's current motion for appointment of counsel without prejudice.

      Plaintiff requests appointment of counsel based on claims that he has requested leave to proceed *in forma pauperis*, his imprisonment will greatly limit his ability to litigate his claim, the issues involved in his case are complex and will require significant research and investigation, he has very limited access to the law library and limited knowledge of the law, he is in administrative segregation, and, finally, that trial will likely involve conflicting testimony and counsel would better enable him to present evidence. (Doc. No. 103 at 1-2.)

1   "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v.*
2   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349,
3   1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360,
4   1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation
5   omitted). Thus, federal courts do not have the authority "to make coercive appointments of
6   counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United*
7   *States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

8   District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to
9   "request" that an attorney represent indigent civil litigants upon a showing of "exceptional
10  circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.
11  2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff
12  seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on
13  the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the
14  complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v.*
15  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015,
16  1017 (9th Cir. 1991). Neither factor is dispositive, and both must be viewed together before
17  reaching a decision. *Terrell*, 935 F.2d at 1017.

18  Although any pro se litigant "would be better served with the assistance of counsel,"
19  so long as a pro se litigant is able to "articulate his claims against the relative complexity of
20  the matter," the "exceptional circumstances" which might require the appointment of counsel
21  do not exist. *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331) (finding no abuse of
22  discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite
23  fact that pro se prisoner may have fared better - particularly in the realms of discovery and the
24  securing of expert testimony - with the assistance of counsel); *accord Palmer v. Valdez*, 560
25  F.3d 965, 970 (9th Cir. 2009).

26  Additionally, where a pro se litigant indicates difficulties, which any litigant would
27  have in proceeding pro se, such difficulties do not indicate "exceptional circumstances." *Wood*
28  *v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In *Wood*, the inmate's lack of formal

1 legal education and limited access to the law library did not indicate exceptional
2 circumstances. *Id*. Despite such difficulties, he successfully conducted research. *Id* at 1334.
3     Plaintiff in this case has, with the limited legal assistance provided him, articulated his
4 claims well enough to survive a sua sponte screening, filed a lengthy opposition to Defendants'
5 Motion to Dismiss, and has filed successful motions for discovery before this Court. (*See* Doc.
6 Nos. 12, 26, 31 & 44.) The facts Plaintiff cites in support of his motion are, also, properly
7 characterized as difficulties inherent in litigating *pro se*, and are not "exceptional." Like the
8 plaintiff in *Wood*, Plaintiff is essentially arguing lack of legal knowledge and limited access
9 to legal resources, both which do not rise to the level required for a showing of "exceptional
10 circumstances." Although Plaintiff may fare better at trial with the assistance of counsel, he
11 has failed to demonstrate that any difficulties he has experienced in these proceedings derive
12 from the complexity of his claims. Therefore, Plaintiff has not demonstrated exceptional
13 circumstances at this stage of the litigation.

14     In regards to Plaintiff's likelihood of success, where the movant offers no argument to
15 the effect that he has a likelihood of success on the merits, he fails to meet a showing of this
16 factor. *Rand,* 113 F.3d at 1525. In *Rand*, the pro se litigant seeking appointment of counsel
17 under *in forma pauperis* failed to offer any evidence of the likelihood of success on his claim.
18 *Id*. Similarly, Plaintiff offers no evidence or argument of his likelihood to succeed on the
19 merits. Irrespective of this failure, Plaintiff's success on the merits is uncertain considering
20 Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint remains pending before
21 this Court. (*See* Doc. No. 151.)

22     Finally, Plaintiff's arguments for the appointment of counsel in this motion do not differ
23 materially from his arguments in his two previous motions to appoint counsel, both of which
24 were denied. (*See* Doc. Nos. 3, 9, 12, 40, 44.) Little has changed in the proceedings between
25 Plaintiff's first two motions and his current motion, as Defendants have yet to file an answer.
26 ///
27 ///
28 ///

1  Accordingly, the Court once again DENIES Plaintiff's motion for appointment of counsel
2  without prejudice.
3  **IT IS SO ORDERED**.
4  DATED: June 6, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge