UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>M BARRA, Program Sergeant; *et al.*,<br><br>                    Defendants. | Civil No.   10-CV-2642-AJB (BGS)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO COMPEL;**<br>**2) DENYING PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES;**<br>**3) GRANTING PLAINTIFF'S EX PARTE MOTION TO CONTINUE AND ORDERING DEFENDANTS TO FILE A RESPONSE; &**<br>**4) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. Nos. 147, 173, 180 & 182]** |

Currently pending before the Court are various motions filed by Plaintiff Condalee Morris, a state prisoner proceeding *pro se* and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. §1983. Plaintiff has filed a motion to compel responses to discovery requests, a motion for costs and attorneys fees, a motion to continue, and an objection, which the Court interprets as an ex parte motion for an extension of time to file a response in opposition to Defendants' motion to dismiss. (Doc. Nos. 147, 173, 180, and 182.) The Court will address Plaintiff's requests in turn.

**I. Plaintiff's Motion to Compel Responses to Discovery Requests**

Plaintiff filed a motion to compel responses to discovery requests on April 27, 2012, *nunc pro tunc* to February 13, 2012. (Doc. No. 147.) Plaintiff seeks to compel responses to a request for production of documents dated December 6, 2011, interrogatories and request for production of documents dated December 6, 2011, and a *Pitchess* motion for discovery dated December 6, 2011. (*Id.*, Exs. 1-3.) On May 30, 2012, the Court ordered Defendants to file an opposition to Plaintiff's motion to compel no later than June 15, 2012. (Doc. No. 154.) On May 31, 2012, Defendants filed a response in opposition, including Defendants' response to Plaintiff's request for production of documents–set two and Defendants' response to Plaintiff's interrogatories and request for production of documents–set one. (Doc. No. 155 & Exs. 1 & 2.)

Rule 26(b) of the Federal Rules of Civil Procedure provides that any non-privileged material "that is relevant to any party's claim or defense" is within the scope of discovery. Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence," even if the information is not admissible at trial. *Id.* The court must limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2) (C)(iii).

**A. Plaintiff's Request for Production of Documents**

Plaintiff's motion to compel seeks to compel responses to his request for production of documents, dated December 6, 2011. (Doc. No. 147 at 3-4.) In his request for production, Plaintiff seeks ten categories of documents. Defendants Mills, Barra, Janda and White objected to these document requests on the grounds that they are overbroad, unduly burdensome, seeks irrelevant information, and that the requests are premature in that the pleadings are not in final form.[1] (Doc. No. 155 at 8-14.)

---

[1] Defendants served their objections while their motion to dismiss Plaintiff's Second Amended Complaint was pending. The same bases for their objections exists currently as the pleadings are still not in final form given the defendants' pending motions to dismiss Plaintiff's Third Amended Complaint.

In reviewing the requests, the Court denies Plaintiff's motion to compel responses to requests for production 1, 2, 3, 4, 5, 7, 8, 9 and 10 as being overbroad and unduly burdensome at this stage in the litigation. These requests seek merits discovery regarding the prison's policies concerning inmate complaints to medical staff of being sexually assaulted by a peace officer, the prison's policies regarding medical staff and sick call procedures as to the general prison population and the administrative segregation population, all sick call request sheet forms from August 12, 2010 to the present, Plaintiff's complete medical record from August 12, 2010 to the present, Plaintiff's complete mental health record from August 12, 2010 to the present, any and all documents created by any Calipatria staff in response to a grievance filed by Plaintiff on August 12, 2010, any and all documents created by Calipatria staff from August 12, 2010 to the present concerning Plaintiff's medical care, including a copy of his medical record at Pioneers Memorial Healthcare District, the names of facility "B" medical staff that was assigned to provide medical care for the prisoners on August 12, 2012, and the names of Segregation Medical staff in A-5 that was assigned to provide medical care for prisoners on August 12, 2012. (*Id.*; Doc. No. 155 at 13.)

On March 27, 2012, the Court issued its decision on Defendants' motion to dismiss Plaintiff's Second Amended Complaint and ruled as follows:

    2.    The Court GRANTS Defendants Mills and Barra's motion to dismiss the Eighth Amendment violation based on sexual assault and excessive force for failure to exhaust administrative remedies. The Court DISMISSES the claim with prejudice.

    3.    The Court GRANTS Defendants Barra's motion to dismiss the Eighth Amendment claim for deliberate indifference to serious medical needs for failure to exhaust administrative remedies. The Court DISMISSES the claim without prejudice.

    4.    The Court GRANTS Defendant White's motion to dismiss the due process claims without leave to amend.

    5.    The Court GRANTS Defendant Janda's motion to dismiss the due process claims with leave to amend.

1  (Doc. No. 134 at 17.) Defendants Mills, Barra, Janda and White have filed a motion to dismiss
2  Plaintiff's Third Amended Complaint ("TAC") that is currently pending before the Court. (Doc.
3  No. 151.) Defendant Hubbel has also filed a motion to dismiss Plaintiff's TAC that is currently
4  pending before the Court. (Doc. No. 166.) No answers have been filed in this case. Plaintiff's
5  request for documents pertaining to inmate complaints to medical staff of sexual assaults by peace
6  officers is irrelevant in light of the Court's dismissal with prejudice of Plaintiff's claim against
7  Defendants Mills and Barra for an eighth amendment violation based on a sexual assault. Document
8  requests regarding Plaintiff's medical care and medical records may be relevant and proper if this
9  case proceeds past motions to dismiss and the Court issues a scheduling order setting deadlines for
10 discovery and other pretrial matters. Additionally, Plaintiff has not named any Doe defendants in
11 his Third Amended Complaint, and therefore his request for the names of medical staff who may
12 have been witnesses to the medical care he received on August 12, 2010 also goes towards the
13 merits of this case. Given that this case is still in the pleading stage, the Court finds that merits-
14 based discovery is inappropriate at this time, as its relevancy is outweighed by the burden and
15 expense of production.

16      The Court also denies Plaintiff's motion to compel responses to request 6. In request number
17 6, Plaintiff seeks "[a]ny logs, lists, or other documentation including the complain[t] that [was]
18 file[d] by his family and friends reflecting grievance file[d] by inmate Condalee Morris from 8/12/10
19 to the date of your response." (Doc. No. 147 at 4.) Defendants objected to this request, asserting
20 that the request is overbroad, unduly burdensome, seeks irrelevant information, and is premature due
21 to the state of the pleadings in this case. (Doc. No. 155 at 11.) The Court agrees that this request
22 is overbroad and unduly burdensome at this stage in the proceedings. Plaintiff has not asserted that
23 he does not have copies of the relevant prisoner grievances he submitted in connection with his
24 allegations in the Third Amended Complaint. In fact, Plaintiff has attached his relevant inmate
25 appeals and the prison's responses thereto to various filings. (*See* Doc. No. 116 at 3-4 (referencing
26 the relevant materials in Plaintiff's filings); Doc. No. 122 (Plaintiff's objections to Report and
27 Recommendation with inmate grievance documents attached).)
28 / / /

**B. Plaintiff's Interrogatories and Request for Production of Documents**

Plaintiff's motion to compel seeks responses to a set of ten interrogatories and request for production of documents dated December 6, 2011. (Doc. No. 147 at 5-7.) In his interrogatories and request for production of documents, Plaintiff asks Defendants to state the duties of Defendant Mace, Defendant Mills, Defendant Barra, Defendant White, Defendant Janda, and Defendant Jane Doe; to state the name, titles, and duties of all staff members who had responsibility for responding to inmate requests for medical attention on August 12, 2010 in A-5 segregation; to state the procedure for conducting sick call in effect at Calipatria on August 12, 2010; to state the names, titles, and duties of all staff members at Calipatria who are responsible for responding to, investigating or deciding inmate grievances; and to state the procedure in effect at Calipatria on August 12, 2010 for responding to, investigating and deciding inmate grievances based on a sexual assault by staff. (*Id.*) Defendants objected to these interrogatories and requests for production, asserting that they are overbroad, unduly burdensome, seek irrelevant information, and are premature given that the pleadings in this case are not in final form.[2] (Doc. No. 155 at 18-23.)

The Court denies Plaintiff's motion to compel responses to his set of interrogatories and request for production of documents as being overbroad and unduly burdensome at this stage in the litigation as any relevancy of the requests is outweighed by the burden and expense of production. The job descriptions and duties of the named Defendants are not relevant to Plaintiff opposing Defendants' motions to dismiss his Third Amended Complaint and go more to merits discovery if any of his Eighth Amendment claims survive the pending motions to dismiss. The Court notes that Plaintiff's claims against Defendants Mills and White have been dismissed with prejudice and dismissed without leave to amend, respectively. Additionally, Plaintiff has not named any Doe defendants in his Third Amended Complaint, and therefore the job duties of "Jane Doe" are irrelevant at this stage. In this same vein, Plaintiff's interrogatories seeking the names, titles, and

---

[2]In Defendant's objections, Defendants include objections to interrogatories 11 and 12. (Doc. No. 155 at 23-24.) These interrogatories are identical to Plaintiff's request for production numbers 9 and 10, discussed *supra* section A. It is unclear from the parties' filings if Plaintiff served the identical request twice, or if Defendants' objections merely tried to reorganize Plaintiff's request for discovery. As the Court denies Plaintiff's motion to compel request for production numbers 9 and 10, the Court will not address the identical requests under this section.

duties of all staff members responsible for responding to requests for medical attention and for responding to inmate grievances on August 12, 2010 are irrelevant at this time. The relevance of Plaintiff's request for sick call procedures and procedures for investigating and deciding inmate grievances based on sexual assault by staff is also outweighed by the burden of production at this time given the pending motions to dismiss.

### C. Plaintiff's *Pitchess* Motion

Plaintiff also seeks to compel responses by Defendants to a California *Pitchess*[3] motion for discovery of CDCR materials regarding Defendants Barra and Mills. The Court denies Plaintiff's motion to compel to the extent it seeks responses to a *Pitchess* motion. Plaintiff's attempt to discover *Pitchess* information is premature at this stage in the proceedings, as it seeks information that goes more to the merits of Plaintiff's allegations than to defending a motion to dismiss on failure to exhaust administrative remedies grounds. Plaintiff's motion states that the materials requested are necessary for the proper preparation of this case for trial. (Doc. No. 147-2 at 9.) Therefore, the benefit of any of this discovery at this stage in the case is outweighed by the burden and expense of production. For example, Plaintiff seeks all inmate complaints filed against either Mills or Barra relating to allegations of use of excessive or unnecessary force and argues that a substantial issue in the trial of this case will center on the use of excessive force by these Defendants. (Doc. No. 147-2 at 2 & 7.) This discovery has no relation to whether Plaintiff properly and timely filed his inmate appeal concerning the allegations in his complaint. Furthermore, discovery into other inmate complaints against Mills and Barra for excessive force is irrelevant to the claims and defenses at issue in this case, as the Court dismissed with prejudice Plaintiff's claim against Mills and Barra for an Eighth Amendment violation based on sexual assault and excessive force. (Doc. No. 134 at 17 ¶2.)

Additionally, the Court notes that a *Pitchess* motion is not the proper procedure for obtaining production of peace officer personnel and internal affairs records in this case. In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. *Kerr v. U.S.*

---

[3] A *Pitchess* motion is the procedural method established in *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974), and later codified by California Penal Code § 832.7 and California Evidence Code §§ 1043 and 1046, that allows for discovery of otherwise privileged personnel records in California.

*District Court for the Northern District of California*, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds, 426 U.S. 394 (1976). Therefore, if this case proceeds to merits discovery, the Court refers the parties to the procedures outlined in *Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993) for any requests for peace officer personnel and internal affairs records.

**II. Plaintiff's Motion for Costs and Attorney's Fees**

On August 15, 2012, *nunc pro tunc* to July 18, 2012, Plaintiff filed a request for costs and attorney's fees. (Doc. No. 173.) In his request, Plaintiff seeks the recovery of costs and attorney fees pursuant to California Code of Civil Procedure sections 386.6 and 585(a). (*Id.*) Plaintiff states that his request is based on any motions and the entry of default of the Defendants. (*Id.* at 1.) Plaintiff appears to claim that he is entitled to attorney's fees and costs because of the entry of default of Defendant F. Mace. (*Id.* at 2.)

Plaintiff previously sought attorney's fees and costs on the same grounds. (*See* Doc. No. 91.) The Court denied Plaintiff's request, explaining that no default has been entered as to Defendant Mace and that Plaintiff failed to discuss how sections 386.6 and 585(a) of the California Code of Civil Procedure apply to Plaintiff's case. (Doc. No. 143 at 2.)

The Court again denies Plaintiff's motion for attorney's fees and costs for the same reasons. No entry of default has been entered against Defendant Mace and Plaintiff's conclusory request fails to explain how the cited provisions of the California Code of Civil Procedure apply to his case, which is brought pursuant to 42 U.S.C. §1983.

**III. Plaintiff's Motion to Continue**

On May 2, 2012, Defendants Janda, Mills, Barra and White filed a motion to dismiss Plaintiff's Third Amended Complaint. (Doc. No. 151.) On August 15, 2012, *nunc pro tunc* to July 18, 2012, Plaintiff filed a request for a continuance in order to procure additional evidence to adequately respond to "the answer that will be given by defendants in this matter regarding claim two." (Doc. No. 180.) Plaintiff brings his motion pursuant to Fed.R.Civ.P. 56(d).

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"To merit a continuance for additional discovery under Rule 56([d]), the party opposing summary judgment must file an affidavit specifying the facts that would be developed through further discovery." *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 996 (9th Cir. 2001) (citation omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001) (citation omitted).

As an initial matter, Plaintiff has not addressed the applicability of Rule 56(d)'s provisions regarding summary judgment to a motion to dismiss for failure to exhaust administrative remedies. Because Rule 56(d) is a subsection of the rules governing summary judgment, it is not applicable to the instant proceedings. However, because the pending non-enumerated 12(b) motion allows the Court to resolve factual disputes, the Court will interpret Plaintiff's motion as a motion for an extension of time to respond to Defendants' motion to dismiss so that he may present all relevant evidence as to his exhaustion of administrative remedies.

In his motion, Plaintiff provides an affidavit specifying what additional discovery he is seeking in order to fully respond to Defendants' motion to dismiss for failure to exhaust administrative remedies as to his second claim for relief for inadequate medical care. (Doc. No. 138 at 6.) Plaintiff seeks a copy of the investigation report prepared after he was questioned on August 27, 2012 about the alleged sexual assault. (*Id.*) Plaintiff states that he was told by the officers that questioned him to wait to file an inmate appeal regarding being denied medical care until the investigation was over and that they would provide him with a complete investigation report. (*Id.*)

In its order dismissing without prejudice Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Barra for failure to exhaust administrative remedies, the Court noted that "Plaintiff had the opportunity and ability to file a timely grievance but did not because he summarily alleges an ISU security officer told him he had to wait for the completion of the ISU investigation." (Doc. No. 134 at 12.) The Court noted that Plaintiff did not provide the name of the security officer who gave him the information, did not provide an affidavit or declaration stating these facts, and did not point to a relevant regulation that requires an inmate to wait before filing a formal grievance. (*Id.* at 11.) The Court went on to conclude that "without

more facts and/or evidence to excuse his late filing, . . . Plaintiff failed to meet the procedural requirements for exhaustion regarding his claim for deliberate indifference to serious medical needs." (*Id.*)

The Court, for good cause shown, grants Plaintiff's motion for an extension of time to file an opposition in order to fully develop the record. Because Defendants move to dismiss Plaintiff's claim for inadequate medical care for failure to exhaust administrative remedies in a non-enumerated 12(b) motion, Plaintiff must put forth specific facts in declarations, affidavits, authenticated documents, or other evidence to contradict Defendants' evidence to show he has exhausted his administrative remedies or that some exception to exhaustion applies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 & n.14 (9th Cir. 2003). The document plaintiff seeks may provide him with the name of the security officer he alleges told him he had to wait for the completion of the ISU investigation before filing a grievance regarding inadequate medical care. Because this document is potentially relevant to opposing Defendants' motion to dismiss, the Court orders Defendants to respond to Plaintiff's request for the document. Defendants shall, no later than **October 22, 2012**, file a response that addresses whether the ISU investigation report Plaintiff seeks exists and any arguments as to why Defendants should not be ordered to produce it to Plaintiff.

After receiving Defendants' response, the Court will set new deadlines for Plaintiff to file a response in opposition to Defendants Janda, Mills, Barra and White's motion to dismiss and for Defendants to file a reply.

**IV. Plaintiff's Ex Parte Motion to Extend Time to Respond**

On August 15, 2012, *nunc pro tunc* to July 27, 2012, Plaintiff filed a lengthy document entitled "This is a[sic] objection and a challenge to the court order if one was filed on June 8, 2012." (Doc. No. 182.) In reviewing the 271 pages submitted by Plaintiff, it appears that Plaintiff seeks an extension of time to file a response in opposition to Defendant Janda, Mills, Barra and White's motion to dismiss that was filed on May 2, 2012. Accordingly, the Court interprets Plaintiff's "objection" as an ex parte motion for an extension of time. Plaintiff states in his ex parte motion that he did not receive a copy of the Defendants' motion to dismiss until July 17, 2012 and has attached a copy of the envelope sent by Defendants' counsel that is marked "Received 7/17/12" and

1  signed by a sergeant. (Doc. No. 182 at 5-6.)

2  Although the Court finds that Plaintiff has shown good cause and excusable neglect in failing
3  to timely file an opposition, the Court denies Plaintiff's motion as moot given the Court's ruling on
4  Plaintiff's ex parte motion to continue. (*See supra* at 8-9.) As noted above, the Court will set a new
5  deadline for Plaintiff's response in opposition and Defendants' reply after receiving and evaluating
6  Defendants' ordered response to Plaintiff's request for a copy of the investigation report.

7  The Court also instructs Plaintiff that when he files his opposition as directed by future Court
8  order, it shall be in proper form that complies with the Court's local rules or it will be rejected by
9  the Court. Plaintiff's "objection" submission is extremely hard to follow and appears to intermix
10 points and authorities with exhibits. The memorandum of points and authorities of Plaintiff's
11 opposition shall be no more than twenty-five (25) pages without leave of the Court. ACivLR 7.1.h.
12 Any documentary evidence, including declarations and other documents, shall be marked as separate
13 exhibits and shall be attached following the last page of Plaintiff's memorandum of points and
14 authorities (*i.e.* Plaintiff should put forward all of his argument and points and authorities in
15 opposition in no more than 25 pages, followed by all the exhibits he cites to in order to support his
16 arguments). All exhibits shall be paged in consecutive numerical order and each page must show
17 the exhibit number either immediately above or below the page number. ACivLR 5.1.e.
18 Additionally, Plaintiff's opposition shall have as a cover page to the exhibits a table of contents
19 indicating the page number of each of the succeeding exhibits. *Id.*

20 **IT IS SO ORDERED**.

21
22 DATED: October 15, 2012

**BERNARD G. SKOMAL**
23 United States Magistrate Judge