UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>M. BARRA; L. MILLS; D. WHITE; G. J. JANDA; MACE; JANE DOE; AND D. HUBBLE,<br><br>    Defendants. | Civil No. 10cv02642 AJB (BGS)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S DECISION<br><br>(Doc. No. 205) |

Before the Court is Plaintiff's Objection (Doc. No. 205) to Magistrate Judge Skomal's order entered October 15, 2012 (Doc. No. 185). In this order, Judge Skomal denied Plaintiff's motion to compel, denied Plaintiff's motion for costs and attorney's fees, granted Plaintiff's *ex parte* motion to continue, and denied as moot Plaintiff's *ex parte* motion for an extension of time to file an opposition to Defendants' motion to dismiss. (Doc. No. 185).

### *Legal Standard*

District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if,

after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).

## *Discussion*

Plaintiff's only specific objection relates to Judge Skomal's denial of Plaintiff's motion for costs and attorney's fees. (Doc. No. 205, p. 2). More broadly, Plaintiff states that he "objects to each and every respect of the Magistrate Judge['s] order except as expressly admitted." *Id.* The Court will address each of these objections in turn.

### a. Plaintiff's Objection to the Denial of Plaintiff's Motion for Costs and Attorney's Fees

With regard to Plaintiff's motion for costs and attorney's fees, Plaintiff's objection simply realleges the arguments contained in his motion. Plaintiff contends that he is entitled to costs and attorney's fees because default has been entered[1] against Defendants Mace and Hubble. (Doc. No. 205, pp. 3-4). He further alleges that California Code of Civil Procedure sections 386.6 and 585(a) entitle him to recover costs and attorney's fees. *Id.* Both of these rationales were rejected in Judge Skomal's order. As correctly noted by Judge Skomal, there has been no entry of default against any of the defendants in this case. Plaintiff has indeed filed numerous motions requesting the entry of default against Defendants, some of which were entered *nunc pro tunc* and some of which were rejected for failure to comply with local rules. (*See* Doc. Nos. 29, 34, 45, 86, 87, 98, 99, 101, 105, 115, 144, 145, 148, 175, 176, 177, 203, and 210). However, they have been entirely unsuccessful thus far. (Doc. No 185, p. 7). There being no entry of default in the case, Judge Skomal addressed Plaintiff's reliance on sections 386.6 and 585(a) of the California Code of Civil Procedure. Judge Skomal explained that Plaintiff's "conclusory request fails to explain how the cited provisions of the California Code of Civil Procedure apply to his case." *Id.* For these reasons, Judge Skomal denied Plaintiff's request. He

---

[1] Alternatively, Plaintiff contends that default should have been entered against Defendants and alleges that any decision not to enter default was in error. Plaintiff's objections in this instance are limited to the denial of costs and attorney's fees in Judge Skomal's order entered October 15, 2012. Insomuch as the issue of whether to enter default against Defendants was not decided in this order, it is not an issue appropriate for the Court to consider that issue here.

further noted that Plaintiff's request was denied for the same reasons that he had denied Plaintiff's previous request for attorney's fees and costs. (*See* Doc. Nos. 91 and 143).

In his objection to Judge Skomal's ruling, Plaintiff has not provided any persuasive arguments for finding that Judge Skomal's denial was "clearly erroneous or contrary to law." Plaintiff simply argues that the entry of default and sections 386.6 and 585(a) of the California Code of Civil Procedure entitle him to costs and attorney's fees. (Doc. No. 205, p. 2). These claims are insufficient for the same reasons set forth by Judge Skomal. There has been no entry of default in this matter and Plaintiff fails to explain how the cited provisions of the California Code of Civil Procedure apply to his case. Having reviewed the order and Plaintiff's objections, the Court finds Judge Skomal's analysis to be well-reasoned and persuasive. Accordingly, Plaintiff's objection is overruled with regard to Judge Skomal's denial of costs and attorney's fees.

**b. Plaintiff's Broad Objection to the Entirety of Judge Skomal's Order**

Plaintiff's specific objection to Judge Skomal's order relates solely to the denial of Plaintiff's motion for costs and attorney's fees. More broadly, Plaintiff "objects to each and every respect of the Magistrate Judge order except as expressly admitted." (Doc. No. 205, p. 2). This unsupported statement is the only mention of Plaintiff having objections regarding anything other than the motion for costs and attorney's fees. Plaintiff has not referenced any additional factual or legal issues within Judge Skomal's order. Having considered the order as a whole, it appears that Judge Skomal carefully reviewed Plaintiff's request, the applicable law, and the relevant facts as presented by Plaintiff. Therefore, Plaintiff's broad objection to the entirety of Judge Skomal's order is overruled.

*Conclusion*

Based on the foregoing, the Court concludes that Judge's Skomal order is neither "clearly erroneous" nor "contrary to law." Accordingly, Plaintiff's objections are OVERRULED. (Doc. No. 205).

IT IS SO ORDERED.

DATED: November 26, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge