UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>M. BARRA; L. MILLS; D. WHITE; G.J. JANDA; MACE; JANE DOE; AND D. HUBBLE,<br><br>Defendant. | Civil No.    10-CV-2642-AJB (BGS)<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT MACE'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |

## I. INTRODUCTION

On April 12, 2012, Plaintiff Condalee Morris, a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. section 1983, filed a third amended complaint. ("TAC," Doc. No. 138.) On March 22, 2013, the Court granted Defendants Barra, Mills, White, Janda, and Hubble's motion to dismiss without prejudice and without leave to amend to a majority of Plaintiff's claims against these Defendants. (*See* Doc. No. 244 at 30.) The Court granted Plaintiff leave to file a fourth amended complaint ("FAC") against Defendants White and Janda as necessary to allege a due process violation based upon the assessment of a twelve-month segregated housing unit ("SHU") term.[1] (*Id.*)

---

[1] The Court admonished Plaintiff that the leave to amend in the order was limited in nature, and Plaintiff may not file amended claims against Defendant Mills, Barra, and Hubbel. (Doc. No. 244 at 30.)

       10-cv-2642-AJB (BGS)

On February 11, 2013, Defendants Janda, Mills, Hubbell, Barra and White filed a motion to dismiss Defendant Mace for failure to effect service. (Doc. No. 230.) Defendants argued that it does not appear that Plaintiff will be able to serve Defendant Mace through the U.S. Marshall service and good cause no longer exists to extend the time for service. (*Id.* at 2.) On April 17, 2013 the Court found that while it is true that the Plaintiff had failed to effect service of Defendant Mace within the time allotted by Rule 4(m), the Defendants' had failed to demonstrate that they have standing to bring a motion to dismiss on behalf of Defendant Mace. (Doc. No. 247 at 2.) The Court thereby denied Defendants' motion to dismiss Defendant Mace. (*Id.*)

On April 18, 2013, the Court issued an order to show cause to the Plaintiff as to why the Court should not dismiss Defendant Mace pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for want of prosecution. (Doc. No. 248.) On April 23, 2013, subsequent to the order to show cause hearing, Defendant Mace filed a motion to dismiss Plaintiff's third amended complaint. (Doc. No. 249.) During the May 23, 2013 hearing on the order to show cause, counsel for Defendant Mace indicated that Mace preferred to have the matter decided on the merits pursuant to the motion to dismiss. (Doc. No. 261.) Additionally at the hearing, Plaintiff indicated that he did not intend to file a fourth amended complaint against Defendants White and Janda, and was instead pursuing an appeal with the Ninth Circuit. (*Id.* at 2.) The Court thereupon dismissed this action in all respects except as to Defendant Mace and directed the Clerk of Court to dismiss this case as to all Defendants except Defendant Mace. (*Id.*)

Currently pending before this Court, therefore, is Defendant Mace's motion to dismiss Plaintiff's third amended complaint. (Doc. No. 249.) Defendant Mace moves to dismiss Plaintiff's third amended complaint on the following grounds: (1) insufficient service of process; (2) Plaintiff's failure to serve Defendant Mace with a summons and complaint within 120 days of filing Plaintiff's complaint; and (3) Plaintiff's failure to exhaust administrative remedies prior to filing his complaint. (Doc. No. 249-1 at 6.) On September 16, 2013, Plaintiff filed his response in opposition to Defendant Mace's motion to dismiss Plaintiff's third amended complaint. (Doc. No. 274.)

10-cv-2642-AJB (BGS)

1    These matters have been referred to the undersigned Magistrate Judge for a Report and

2    Recommendation ("R&R"). The Court determines that these matters are appropriate for

3    resolution without oral argument and submits the motions on the parties' papers pursuant to

4    Local Civil Rule 7.1(d)(1). For the reasons set forth below, the Court **RECOMMENDS** that

5    Defendant Mace's motion to dismiss Plaintiff's third amended complaint be **GRANTED**.

6                                    **II. BACKGROUND**

7            Plaintiff Condalee Morris is a state prisoner proceeding pro se and in forma pauperis on

8    his third amended complaint filed pursuant to 42 U.S.C. section 1983. (Doc. No. 138 at 1.) In his

9    TAC, Plaintiff alleges that Defendant Mace violated his Eighth Amendment right to adequate

10   medical care. (*Id.* at 10-13.) Plaintiff's claim against Defendant Mace arises out of an encounter

11   Plaintiff had with Defendant Mills and Barra on August 12, 2010, and the subsequent medical

12   care Plaintiff received from Defendant Mace following that encounter.

13           Plaintiff alleges that Defendant Mace witnessed an assault by Defendant Barra on him in

14   the "B" yard clinic on August12, 2010. (*Id.* at 10.) According to Plaintiff's TAC, Plaintiff also

15   complained to Defendant Mace about a sexual assault on him committed by Defendants Mills

16   and Barra. (*Id.*) Defendant Barra interfered with Defendant Mace's job, causing Defendant Mace

17   to not treat Plaintiff's swollen testicles, swollen wrist, and substantial pain. (*Id.*) Plaintiff was

18   denied and delayed medical care for sixteen days. (*Id.*) Defendant Mace also allegedly fabricated

19   CDCR7219 in order to conceal Defendants Mills and Barra's actions. (*Id.* at 10-11.)

20           Plaintiff was placed in administrative segregation ("Ad-Seg") on August 12, 2010. (*Id.* at

21   11.) Plaintiff alleges that from August 12 to August 27, 2010, he suffered pain as a result of a

22   delay in treatment of his swollen testicles. (*Id.* at 12-13.) Plaintiff suffered swelling causing him

23   to be unable to sleep, walk, close his legs, or urinate without pain. (*Id.* at 13.) On August 27,

24   2010, Plaintiff was removed from Ad-Seg and placed in central medical before being taken to

25   Pioneers Memorial Healthcare District for the examination of his testicles. (*Id.*) Plaintiff was

26   diagnosed with testicular swelling and dysfunction. (*Id.*)

27   ///

28   ///

**A.      Plaintiff's Administrative Appeal**

On November 6, 2010, Plaintiff filled out a Form 602 regarding medical care, alleging that Defendant Mace witnessed the assault in the "B" yard clinic and that Mace fabricated CDCR 7219 to conceal the other Defendants' actions. (Doc. No. 249-1 at 34.) In his appeal, Plaintiff requested Defendant Mace be held liable for the physical and emotional injury resulting from her failure to provide adequate medical care. (*Id.*) The appeal was not given a log number.

On November 18, 2010, Plaintiff's first level appeal of the medical care he received was screened out by the Calipatria Appeals Coordinator in a written notice. (*Id.* at 38.) Plaintiff's appeal was returned to him because "there [was] too great a time lapse between when the action or decision occurred and when [Plaintiff] filed [his] appeal with no explanation of why you did not or could not file in a timely fashion." (*Id.*) The notice instructed Plaintiff to submit an explanation and supporting documentation explaining why he did not or could not file his appeal timely in order to further pursue his appeal. (*Id.*) Plaintiff was to do so within fifteen working days. (*Id.*)

In response to the screening at the first level, on December 6, 2010, Plaintiff submitted Section D of Plaintiff's unnumbered appeal, explaining why he did not timely submit the appeal. (*Id.* at 40.) In section D, Plaintiff explained that he was waiting on all of the 115 hearing documents concerning battery on staff, which he received on September 20, 2010. (*Id.*) Plaintiff also wrote that there was an investigation occurring at the same time related to his appeal Log Number CAL-A-10-1870 and that he was waiting until the investigation was over in order to support his medical care appeal. (*Id.*)

On December 13, 2010, Plaintiff's unnumbered appeal was cancelled in a written letter. (*Id.* at 44.) The decision explained that "[y]our explanation for submitting an untimely appeal is noted; however, it is not a valid or compelling argument to forward your appeal . . . Your appeal remains untimely. DO NOT RESUBMIT THIS APPEAL. This appeal has been cancelled and the original has been kept on file." (*Id.*) The written letter, cancelling Plaintiff's appeal, went on to state that "[o]nce an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be

1   resubmitted if the appeal on the cancellation decision is granted." (*Id.*) There is no evidence that

2   Plaintiff appealed the cancellation of this appeal or pursued this appeal any further before filing

3   his complaint.

4   **B.      Plaintiff's Complaint and Subsequent Service Against Defendant Mace**

5          On December 10, 2010, Plaintiff filed his original complaint in federal court against all

6   Defendants, including Defendant Mace, for violations of his civil rights under 42 U.S.C. section

7   1893. (Doc. No. 1.) On February 10, 2011, Plaintiff filed his amended complaint. (Doc. No. 7.)

8   On June 6, 2011, Plaintiff's service of the first amended complaint and summons for Defendant

9   Mace were returned unexecuted, with remarks that Defendant no longer worked at the

10  institution. (Doc. No. 16.) On August 12, 2011, Plaintiff filed his second amended complaint

11  against all defendants. (Doc. No. 39.) On September 29, 2011, Plaintiff's service of the second

12  amended complaint and summons for Defendant Mace were filed as executed through certified

13  mail. (Doc. No. 56.) The Court noted, however, that the U.S. Marshal did not personally serve

14  Defendant Mace as required by Federal Rule of Civil Procedure 4(e), but mailed the complaint

15  and summons to the confidential address. (Doc. No. 134 at 3.) Additionally, the Court noted that

16  the return receipt form was signed by a person named "Art" not Mace. (*Id.*) The Court found that

17  service of process was not properly conducted by the U.S. Marshal and ordered that the U.S.

18  Marshal personally serve the summons and the second amended complaint to Defendant Mace at

19  the confidential address. (*Id.* at 3-4; Doc. No. 135.) The Marshal was unable to execute service

20  due to an erroneous address, so the Court ordered the Attorney General assigned to the case to

21  provide any available forwarding address to the Marshall for service of Defendant Mace. (Doc.

22  No. 135 at 1-2.) On April 13, 2012, Deputy Attorney General Sylvie Snyder submitted a

23  declaration in response to the order to provide a forwarding address of Defendant Mace. (Doc.

24  No. 141.) Deputy Attorney General Snyder stated that the address previously given to the

25  Marshal was the only address on file for Defendant Mace. (*Id.* at 2. )

26         On April 12, 2012, Plaintiff filed his third amended complaint against all Defendants.

27  (Doc. No. 138.) On June 12, 2102 the service of Plaintiff's third amended complaint and

28  summons to Defendant Mace was returned unexecuted because Defendant Mace's last known

1   address was incorrect. (Doc. No. 157.)

2        On April 4, 2013, the first amended complaint summons for Defendant Mace was filed as

3   executed by personal service, marked delivered on March 14, 2013 at the California Men's

4   Colony in San Luis Obispo and signed by Joseph Hurrle, an inmate at Calipatria State Prison.

5   (Doc. No. 246.) As noted above, the Court issued an order to show cause to the Plaintiff as to

6   why the Court should not dismiss Defendant Mace pursuant to Rule 4(m) of the Federal Rules of

7   Civil Procedure for want of prosecution. (Doc. No. 248.) Subsequent to the order to show cause,

8   on April 23, 2013, Defendant Mace filed a motion to dismiss Plaintiff's third amended

9   complaint. (Doc. No. 249.) During the May 23, 2013 hearing on the order to show cause,

10   counsel for Defendant Mace indicated that Mace preferred to have the matter decided on the

11   merits pursuant to the motion to dismiss. (Doc. No. 261.) The Court thereby vacated the order to

12   show cause. (*Id.* at 1.)

13        Again, in her motion to dismiss Plaintiff's third amended complaint, Defendant Mace

14   argues that: (1) Plaintiff's service of process was insufficient; (2) Plaintiff's service of process

15   was untimely; and (3) Plaintiff failed to exhaust his administrative remedies prior to filing his

16   complaint. (Doc. No. 249-1 at 6.) Plaintiff argues that service on Defendant Mace was properly

17   effected because he received a summons returned executed by Joseph Hurrle, and subsequently

18   filed that summons with the Court. (Doc. No. 274 at 2.) Plaintiff also requests that default

19   judgment be entered against Defendant Mace because Defendant Mace failed to timely file an

20   answer to Plaintiff's complaint. (*Id.* at 3-4.) Lastly, Plaintiff acknowledges that he failed to

21   timely file an appeal and thereby failed to exhaust his administrative remedies, but argues that he

22   did so as a result of misconduct on the part of prison staff handling his appeal. (*Id.* at 16.) The

23   Court addresses Defendant Mace's failure to exhaust argument first because a finding in favor of

24   Defendant Mace on that issue would render any issues with regard to service of process moot.

25                             **III. DISCUSSION**

26   **A.**     **Failure to Exhaust Administrative Remedies**

27        Defendant Mace argues that Plaintiff failed to exhaust his administrative remedies and

28   therefore, his third amended complaint should be dismissed because Plaintiff's late filed inmate

1   grievance did not meet the procedural requirements for exhaustion of administrative remedies.

2   (Doc. No. 249-1 at 12.) In support of this argument, Defendant Mace has provided a declaration

3   of P. Alanize, the Correctional Counsel/Appeals Coordinator in the appeals office at Calipatria

4   State Prison. (*See id.* at 22.) Plaintiff acknowledges that he filed his grievance past the deadline,

5   but argues that exhaustion occurred because any opportunity Plaintiff had to timely file an

6   appeal was precluded by employee misconduct. (Doc. No. 274 at 17.)

7        Despite the fact that Plaintiff has yet to properly serve Defendant Mace with his third

8   amended complaint, the Court considers the issue of exhaustion because Defendant Mace

9   briefed it in her motion to dismiss and counsel for Defendant Mace indicated at the order to

10  show cause hearing that Mace preferred to have the matter decided on the merits pursuant to this

11  motion to dismiss. (Doc. No. 249; Doc. No. 261.)

12      **1.    Legal Standard for Motion to Dismiss for Failure to Exhaust Administrative**
        **Remedies under Fed.R.Civ.P. 12(b)**

13
        The Prison Litigation Reform Act of 1995 provides that:

14
15      [n]o action shall be brought with respect to prison conditions under [42 U.S.C.
        section 1983], or any other Federal law, by a prisoner confined in any jail, prison,
        or other correctional facility until such administrative remedies as are available are
16      exhausted.

17  42 U.S.C. § 1997e(a). "Congress enacted § 1997e(a) to reduce the quantity and improve the

18  quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). However, the prisoner is

19  not required to specially plead or demonstrate exhaustion in his or her complaint because failure

20  to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

21      The proper vehicle for challenging a complaint based on failure to exhaust administrative

22  remedies is an unenumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure.

23  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Unlike under Rule 12(b)(6), "[i]n

24  deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look

25  beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. If the district court

26  concludes that the prisoner has failed to exhaust his or her administrative remedies, the claim

27  should be dismissed without prejudice. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059,

28  1063 (9th Cir. 2007); *Wyatt*, 315 F.3d at 1120.

1    Failure to exhaust may not be waived. *See Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006)

2    ("[e]xhaustion is no longer left to the discretion of the district court, but is mandatory"). The

3    United States Supreme Court stated that "[t]here is no question that exhaustion is mandatory

4    under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at

5    211. A prisoner also cannot satisfy the PLRA's exhaustion requirement by "filing an untimely or

6    otherwise procedurally defective administrative grievance or appeal." *Woodford*, 584 U.S. at 83-

7    84. Nor can a prisoner who did not make any attempt to utilize the prison grievance system

8    sidestep the exhaustion requirement by arguing that it now would be futile to attempt to exhaust

9    within the prison system. *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2002) ("we stress the point .

10   . . that we will not read futility or other exceptions into statutory exhaustion requirements where

11   Congress has provided otherwise"); *see also Woodford*, 584 U.S. at 100 ("if the party never

12   pursues all available avenues of administrative review, the person will never be able to sue in

13   federal court").

14   As noted by the U.S. Supreme Court in *Woodford*, California has a "relatively simple"

15   grievance process for prisoners who seek to challenge the conditions of confinement. 584 U.S. at

16   85. Under the regulations in place at the time Plaintiff filed his 602 form in 2010,[2] to exhaust this

17   process a prisoner must proceed through several levels of appeal: (1) informal resolution;[3] (2)

18   formal written appeal on a CDC 602 inmate appeal form (hereinafter "Form 602") at the first

19   level of appeal;[4] (3) second level of appeal to the institution head or designee;[5] and (4) third level

20   

21   [2] The California Department of Corrections and Rehabilitation inmate formal administrative appeals
     process underwent a major revision in 2011, including the discontinuation of the informal appeal process. *See*

22   2011 CA REG TEXT 248824 (NS).

23   [3] Under California Code of Regulations Title 15, § 3084.5(a)(3), the informal level of appeal was
     bypassed for appeals of (1) classification committee actions; (2) serious disciplinary infractions; (3) classification

24   staff representative actions; (4) departmental regulations, policies, or operational procedures; (5) exceptional
     circumstances defined in section 3084.7; (6) any action which the appeals coordinator determines cannot be

25   resolved informally; (7) alleged misconduct by a departmental peace officer; or (8) the denial of disabled inmate
     or parolee requests for reasonable modification or accommodation filed on CDC Form 1824 (1/95), Reasonable

26   Modification Or Accommodation Request, pursuant to section 3085.

27   [4] The appeals coordinator could elect to bypass an appeal at the First Formal level and submit it directly
     to the Second Formal Level for (1) a policy or procedure implemented by the institution head; (2) a policy,

28   procedure or regulation implemented by the department; (3) an issue which cannot be resolved at the division
     head's level; e.g., appeal of a regular transfer; (4) serious disciplinary infractions. Cal. Code Regs tit. 15,

8

appeal to the Director of the California Department of Corrections and Rehabilitation (hereinafter the "Director"). Cal. Code Regs. tit. 15, § 3084.5; *Woodford*, 584 U.S. at 85-86; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). All appeals shall be initially filed and screened at the first level. Cal. Code Regs. tit. 15, § 3084.5(b). Second level is for review of appeals denied at the first level. Cal. Code Regs. tit. 15, § 3084.5(c). Third level is for review of appeals not resolved at the second level. Cal. Code Regs. tit. 15, § 3084.5(d). According to the Ninth Circuit, an inmate exhausts his administrative remedies when no pertinent relief remains available to him through the prison appeal process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) ("A defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting results of the relief already granted as a result of that process.").

In California, an appeals coordinator screens each appeal before forwarding it for review on the merits. Cal. Code Regs. tit. 15, § 3084.3. The appeals coordinator may screen-out an inmate appeal for several reasons, including untimeliness or incompleteness. *Id.* When an appeal is screened-out, the inmate must be notified of the reasons for the rejection and the corrections that are needed in order for the appeal to be accepted. *Id.* In general, an inmate must file an appeal or amended appeal within fifteen working days of the disputed or adverse action. Cal. Code Regs. tit. 15, § 3084.6(c).

Though the Ninth Circuit has not held explicitly that an inmate must challenge an improper screening, the Court has suggested as much. *See Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (noting that if plaintiff thought officials improperly screened-out his appeal, he could have contested the decision "as boilerplate text at the bottom of the screening form advised him he do"); *see also Portugal v. Felker*, 2010 WL 5232995, *4 (E.D. Cal. 2010) (finding that Plaintiff's failure to obtain informal review of decision returned as duplicative resulted in a failure to exhaust); *Newman v. McLean*, 2009 WL 688859, *6 (N.D. Cal. 2009)

§3084.5(b).

[5] Only matters involving involuntary transfers to the California Medical Facility or Atascadero State Hospital bypassed the Second Formal Level and were submitted directly to the Third Formal Level. Cal. Code Regs. tit. 15, §§ 3084.5 (c); 3084.7(d)(4)(B).

9

1 ("plaintiff did not pursue all the remedies that were available since he could have appealed the

2 alleged improper screening out of the inmate appeal as being duplicative but failed to do so");

3 *Smiley v. Martinez*, 2010 WL 309459, *3 (N.D. Cal. 2010) (plaintiff did not timely challenge the

4 screening of his appeals based on untimeliness and duplication). These authorities are in accord

5 with the Supreme Court's holding that proper exhaustion under the PLRA requires compliance

6 with all the prison's deadlines and critical procedural rules. *Woodford*, 584 U.S. at 90-91.

7 **2.    Evidence Regarding Plaintiff's Administrative Appeals**

8         On November 6, 2010, Plaintiff filled out a Form 602 regarding medical care, alleging

9 that Defendant Barra interfered with Defendant Mace's job on August 12, 2010 when Plaintiff

10 complained to Defendant Mace about the sexual assault. (Doc. No. 249-1 at 34.) Plaintiff also

11 alleged that Defendant Mace witnessed the assault in the "B" yard clinic and that Mace

12 fabricated CDCR 7219 to conceal the Defendants' actions. (*Id.*) In his initial appeal, Plaintiff

13 requested Defendant Mace be held liable for the physical and emotional injury resulting from her

14 failure to provide adequate medical care. (*Id.*) The appeal was not given a log number.

15         On November 18, 2010, Plaintiff's first level appeal of the medical care he received was

16 screened out at the first level by the Calipatria Appeals Coordinator in a written notice. (*Id.* at

17 38.) Plaintiff's appeal was returned to him because "there [was] too great a time lapse between

18 when the action or decision occurred and when [Plaintiff] filed [his] appeal with no explanation

19 of why you did not or could not file in a timely fashion." (*Id.*) The notice instructed Plaintiff to

20 submit an explanation and supporting documentation explaining why he did not or could not file

21 his appeal timely in order to further pursue his appeal. (*Id.*) Plaintiff was to do so within fifteen

22 working days. (*Id.*)

23         In response to the screening at the first level, on December 6, 2010, Plaintiff submitted

24 Section D of Plaintiff's unnumbered appeal, explaining why he did not timely submit the appeal.

25 (*Id.* at 40.) In section D, Plaintiff explained that he was waiting on all of the 115 hearing

26 documents concerning battery on staff, which he received on September 20, 2010. (*Id.*) Plaintiff

27 also wrote that there was an investigation occurring at the same time related to his appeal Log

28 Number CAL-A-10-1870 and that he was waiting until the investigation was over in order to

1    support his medical care appeal. (*Id.* at 40-41.) On December 13, 2010, Plaintiff's unnumbered

2    appeal was cancelled in a written letter. (*Id.* at 44.) The decision explained that "[y]our

3    explanation for submitting an untimely appeal is noted; however, it is not a valid or compelling

4    argument to forward your appeal . . . Your appeal remains untimely. DO NO RESUBMIT THIS

5    APPEAL. This appeal has been cancelled and the original has been kept on file." (*Id.*) As noted

6    above, the decision rejecting Plaintiff's explanation went on to state that Plaintiff could file a

7    separate appeal of the cancellation decision. (*Id.*) Plaintiff then had fifteen working days from

8    the date of the decision to submit an appeal of the cancellation decision. Cal. Code Regs. tit. 15,

9    § 3084.6(c). Again, there is no evidence that Plaintiff appealed the cancellation decision or

10    pursued this appeal beyond the first level before filing his complaint.

11           In his response in opposition to Defendant Mace's motion to dismiss, Plaintiff includes

12    his inmate/parolee appeal form, his Section D response to the first level screening, and the

13    screen-out letter dated December 13, 2010. (*See* Doc. No. 274.) Plaintiff, however, concedes in

14    his opposition that he did not meet the formal requirements of the grievance system on this

15    appeal. (*Id.* at 16.) Instead of trying to show he exhausted his appeal, Plaintiff argues that prison

16    officials prevented exhaustion through misconduct. (*Id.* at 17-18.)

17         **3.    Analysis**

18           Plaintiff failed to exhaust his administrative remedies with respect to his claims against

19    Defendant Mace for denial of medical care in violation of his Eighth Amendment rights. Plaintiff

20    alleges that he was denied medical care for his complaints of swollen testicles from August 12,

21    2010 to August 27, 2010. (Doc. No. 138 at 10, 12.) Plaintiff filed his Form 602 regarding denial

22    of medical care on November 6, 2010. (Doc. No. 249-1 at 34.) Pursuant to Cal. Code Regs. tit.

23    15, section 3084.6(c), Plaintiff had fifteen working days to submit his appeal. His appeal was

24    properly rejected for being untimely at the first level of review, as November 6, 2010 was more

25    than 15 working days after the event occurred, even if using August 27, 2010 as the date of the

26    event. The rejection of his appeal instructed Plaintiff to submit an explanation and supporting

27    documentation explaining why he did not or could not file his appeal timely. (*Id.* at 38.) While

28    Plaintiff submitted section D explaining that he did not timely submit his appeal because he was

1   waiting on the 115 hearing documents and the results of the investigation into his appeal

2   regarding the assault allegations, this explanation was rejected and his appeal cancelled on

3   December 13, 2010. (*Id.* at 44.) The rejection of Plaintiff's explanation as to why he failed to

4   timely file an appeal included a statement informing Plaintiff that he may file a separate appeal

5   of the cancellation decision. (*Id.*) There is no evidence that Plaintiff appealed the cancellation of

6   this appeal or pursued his appeal further in the administrative grievance system. There is also no

7   evidence that Plaintiff was unable to submit a timely appeal of the cancellation decision to the

8   second level within the time prescribed by Cal. Code Regs. tit. 15, section 3084.3(c)(6).

9   Accordingly, Plaintiff has not satisfied the exhaustion requirements.

10        Plaintiff argues in his opposition that his late filing should be excused because it was the

11   result of prison official's misconduct, which caused him to lose the opportunity to exhaust his

12   administrative remedies. (Doc. No. 274 at 17.) Plaintiff does not, however, mention any

13   misconduct in his section D response explaining why he was unable to timely file an appeal. (*Id.*

14   at 21.) Nor does Plaintiff mention any misconduct in his responses to previous motions to

15   dismiss on the same grounds presented by Defendant Mace here. (*See* Doc. No. 49, 221.)

16   Plaintiff submits no witness declarations or documentary evidence to support his account of the

17   prison official's conduct regarding his appeal. (*See* Doc. No. 274.) Further, even if Plaintiff's

18   account of the prison official's conduct were true, Plaintiff still failed to exhaust his

19   administrative remedies by failing to appeal the cancellation of his appeal or pursue his appeal

20   further in the administrative grievance system. This administrative review was available to

21   Plaintiff, as the cancellation of his appeal informed him that he may file a separate appeal of the

22   cancellation decision. (Doc. No. 274 at 26; Doc. No. 249-1 at 44.); *see* 42 U.S.C. § 1997e(a)

23   ("[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

24   other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

25   such administrative remedies as are available are exhausted."). Therefore, despite Plaintiff's

26   arguments here, Plaintiff's medical care grievance was still untimely and fails to satisfy the

27   PRLA's exhaustion requirement. *See Woodford*, 584 U.S. at 83-84.

28   ///

1     Because the Court finds Plaintiff failed to properly exhaust his administrative remedies as

2     to Defendant Mace, the Court recommends that Defendant Mace's motion to dismiss Plaintiff's

3     third amended complaint be **GRANTED** and be **DISMISSED WITHOUT PREJUDICE**.

4     Additionally, because the Court finds that amendment of Plaintiff's complaint against Defendant

5     Mace would be futile given his failure to exhaust, the Court recommends denying leave to

6     amend. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

7         If the District Judge assigned to this case decides to not adopt this Court's

8     recommendation with regard to Defendant Mace's motion to dismiss for failure to exhaust, the

9     Court makes the following recommendation with respect to Defendant Mace's motion to dismiss

10    for insufficient and untimely service of process.

11    **B.     Insufficient Service of Process**

12        In her motion to dismiss, Defendant Mace argues that Plaintiff's service of process of his

13    first amended complaint was insufficient and should be dismissed under Fed.R.Civ.P. 12(b)(5).

14    (Doc. No. 249-1 at 7.) In support of this argument, Defendant Mace points out that the proof of

15    service filed with the Court, stating that on March 14, 2013, inmate Joseph Hurrle personally

16    served Defendant Mace with a summons and the first amended complaint at California Men's

17    Colony in San Luis Obispo, California, could not have taken place as alleged in Plaintiff's proof

18    of service. (*Id.*; *see also* Doc. No. 246.) On March 14, 2013, Joseph Hurrle was in an

19    Administrative Segregation Unit at Calipatria State Prison and did not leave prison grounds.

20    (Doc. No. 249-1 at 8, 16.) Accordingly, Joseph Hurrle could not have personally served

21    Defendant Mace. (*Id.* at 8.) Further, Defendant Mace was not an employee at the California

22    Men's Colony and therefore, could not have been personally served there. (*Id.*) Plaintiff argues

23    that service on Defendant Mace was properly effected because he received a summons returned

24    executed by Joseph Hurrle, and subsequently filed that summons with the Court. (Doc. No. 274

25    at 2.)

26    **1.     Legal Standard for Motion to Dismiss for Insufficient Service of Process
          Under Fed.R.Civ.P. 12(b)(5)**

27

28    Defendant Mace's motion to dismiss for failure to complete proper service, invokes

      Fed.R.Civ.P. 12(b)(5). Under this rule a federal court is empowered to dismiss a case if service

1   of process is insufficient. Challenges to the manner of service are interpreted strictly. A liberal

2   construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the

3   manner in which service of process may be had." *Mid-Continent Wood Products, Inc. v. Harris*,

4   936 F.2d 297, 300 (7th Cir. 1991). When service of process is properly challenged, the party on

5   whose behalf service was made has the burden to establish its validity. *Brockmeyer v. May*, 383

6   F.3d 798, 801 (9th Cir. 2004). Unless the defect in service is established on the face of the

7   return, the defendant's motion to dismiss must be supported by declaration or other forms of

8   admissible evidence establishing the lack of proper service. *See In re Med-Atlantic Petroleum*

9   *Corp.*, 233 B.R. 644, 662 (B.C. S.D. N.Y. 1999). Where the validity of service is properly

10  contested in a motion to dismiss, the burden is on the plaintiff to establish validity of service or

11  to create an issue of fact requiring an evidentiary hearing to resolve. *Naufahu v. City of San*

12  *Mateo*, 2008 WL 2323869, *1 (N.D. Cal. 2008). Plaintiff normally meets this burden by

13  producing the process server's return of service, which is generally accepted as prima facie

14  evidence that service was effected, and of the manner in which it was effected. *S.E.C. v. Internet*

15  *Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (signed return of service

16  constitutes prima facie evidence of proper service of default judgment).

17          **2.    Analysis**

18          Plaintiff has provided proof of service that Joseph Hurrle personally served Defendant

19  Mace with the first amended complaint at the California Men's Colony in San Luis Obispo,

20  California, on March 14, 2013. (Doc. No. 246.) In opposition to Plaintiff's proof of service and

21  in support of her motion to dismiss, Defendant Mace has provided the declarations of P.

22  Saucedo, the acting Correctional Case Records Manager at Calipatria State Prison (Doc. No.

23  249-1 at 16), and A. Pitoniak, the litigation coordinator at California Men's Colony (*Id.* at 18).

24  These declarations clearly demonstrate that Plaintiff could not have personally served Defendant

25  Mace at the time and place alleged because: (1)Joseph Hurrle, the inmate who allegedly

26  personally served Defendant Mace, was at all relevant times a prisoner at Calipatria State Prison

27  and never left prison grounds; and (2) Defendant Mace was not an employee at California Men's

28  Colony at the time personal service was alleged to take place. For these reasons, Plaintiff's

1    service of his first amended complaint on Defendant Mace was insufficient.

2         Further, even if Plaintiff could overcome the evidence provided by Defendant above,

3    which shows that Plaintiff's service of process was insufficient, Plaintiff's service of process on

4    Defendant Mace of the first amended complaint would still be insufficient because it had been

5    superseded by an amended complaint. The currently effective complaint must accompany

6    summons. If the original complaint has been superseded by an amended complaint, service is

7    ineffective if the original (rather than the amended) complaint is served. *Phillips v. Murchison*,

8    194 F.Supp. 620, 622 (S.D. N.Y. 1961). Plaintiff filed the aforementioned proof of service on

9    April 4, 2013, stating that Defendant Mace had been personally served with the first amended

10   complaint on March 14, 2013. (Doc. No. 246 at 2.) Plaintiff, however, had already filed his third

11   amended complaint on April 12, 2012, nearly one year before Defendant Mace was purportedly

12   served with the first amended complaint. (Doc. No. 138.) Therefore, Plaintiff's service of his

13   first amended complaint was ineffective, because it had been superseded by his second and third

14   amended complaints.

15        With respect to Plaintiff's third amended complaint, on June 12, 2012, a summons was

16   returned unexecuted as to Defendant Mace. (Doc. No. 157.) The summons stated that the last

17   known address provided was not the personal residence of Defendant Mace, and that the

18   Marshal Service was unable to serve Defendant Mace personally. (*Id.*) The process server's

19   return of service is generally accepted as prima facie evidence of how service was effected,

20   "which can only be overcome by strong and convincing evidence." *O'Brien v. R.J. O'Brien &*

21   *Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Here, the return of service of Plaintiff's third

22   amended complaint on Defendant Mace is prima facie evidence that service was unexecuted, and

23   Plaintiff has provided no evidence or arguments that service of the TAC was proper. (*See* Doc.

24   No. 274.) Accordingly, service of Plaintiff's third amended complaint on Defendant Mace was

25   insufficient.

26        A finding of insufficient service of process, however, does not mean an automatic

27   granting of dismissal in favor of Defendant. Motions under Fed.R.Civ.P 12(b)(5) differ from the

28   other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of

action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained. 5 C. Wright & Miller, Federal Practice & Procedure § 1354 (3d ed.) (citations omitted). The federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant. *Id.* Service generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. *Id.* Plaintiff has made a good faith effort to comply with the rules of service, and has even enlisted the help of the Court and other Defendant's counsel in identifying and serving Defendant Mace. Additionally, Plaintiff will now be able to serve Defendant Mace since her counsel appeared at the order to show cause hearing. (Doc. No. 261.) Here, since the Plaintiff has made a good faith effort to comply with Rule 4, and there is a reasonable prospect that the Plaintiff will be able to serve the Defendant properly, the Court recommends that Defendant's motion to dismiss for insufficient service of process be **DENIED**, Plaintiff's unexecuted service of process of his third amended complaint against Defendant Mace be quashed, and Plaintiff be given additional time to effect service on Defendant Mace.

## C.    Untimely Service of Process

Defendant Mace also argues that Plaintiff has not served Defendant Mace with summons and complaint within the time prescribed by the Fed.R.Civ.P. 4(m). In support of this argument, Defendant Mace points to the fact that Plaintiff filed his original complaint on December 21, 2010, over two years ago, and has failed to properly serve Defendant Mace to this day. (*See* Doc. No. 1.)

### 1.    Legal Standard for Untimely Service of Process

Federal Rules of Civil Procedure Rule 4 provides, in relevant part, as follows:

(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P 4(m).

///

10-cv-2642-AJB (BGS)

1    Absent prejudice to defendant or anyone else, or to the court itself, it "cannot be an abuse

2    of discretion" to extend the time for service even after expiration of the 120–day period. *Mann v.*

3    *American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *see United States v. 2,164 Watches*, 366

4    F.3d 767, 772-73 (9th Cir. 2004) (instructing the district court to consider the prejudice when

5    exercising its discretion to determine what action to take in light of the untimely service). Good

6    cause generally means "that service had been attempted but not completed, that plaintiff was

7    confused about the requirements of service, or that plaintiff was prevented from serving

8    defendants by factors beyond his control." *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal.

9    1992). "Pro se litigants are allowed more latitude than litigants represented by counsel to correct

10   defects in service of process and pleadings." *Moore v. Agency for Int'l Development*, 994 F.2d

11   874, 876 (D.C. Cir. 1993).

12        **2.    Analysis**

13        For the following reasons, the Court finds good cause to extend the time for service past

14   the 120–day period. Although Plaintiff has still not served Defendant Mace over two years after

15   the filing of his original complaint, Plaintiff has made numerous attempts to complete service on

16   Defendant Mace. On June 6, 2011, Plaintiff's service of the first amended complaint and

17   summons for Defendant Mace were returned unexecuted, with remarks that Defendant no longer

18   worked at the institution. (Doc. No. 16.) On September 29, 2011, Plaintiff's service of the

19   second amended complaint and summons for Defendant Mace were filed as executed through

20   certified mail. (Doc. No. 56.) The Court noted, however, that the U.S. Marshal did not

21   personally serve Defendant Mace as required by Federal Rule of Civil Procedure 4(e), but

22   mailed the complaint and summons to the confidential address. (Doc. No. 134 at 3.)

23   Additionally, the Court noted that the return receipt form was signed by a person named "Art"

24   not Mace. (*Id.*) The Court found that service of process was not properly conducted by the U.S.

25   Marshal and ordered that the U.S. Marshal personally serve the summons and the second

26   amended complaint to Defendant Mace at the confidential address. (*Id.* at 3-4; Doc. No. 135.)

27   The Marshal was unable to execute service due to an erroneous address, so the Court ordered the

28   Attorney General assigned to the case to provide any available forwarding address to the

17

1   Marshall for service of Defendant Mace. (Doc. No. 135 at 1-2.) On April 13, 2012, Deputy

2   Attorney General Sylvie Snyder submitted a declaration in response to the order to provide a

3   forwarding address of Defendant Mace. (Doc. No. 141.) Deputy Attorney General Snyder stated

4   that the address previously given to the Marshal was the only address on file for Defendant

5   Mace. (*Id.* at 2. )On June 12, 2012 the service of Plaintiff's third amended complaint and

6   summons to Defendant Mace was returned unexecuted because Defendant Mace's last known

7   address was incorrect. (Doc. No. 157.) Plaintiff attempted to serve Defendant Mace three times

8   by mail and through marshal service, and has enlisted the help of both the Court and opposing

9   counsel in determining the correct address of Defendant Mace. Plaintiff is a prisoner, proceeding

10  pro se and in forma pauperis, and has no other way to properly serve Defendant. Therefore, this

11  Court recommends that Defendant Mace's motion to dismiss for untimely service of process be

12  **DENIED** and Plaintiff be granted additional time in which to properly serve Defendant Mace.

13  **D.    Plaintiff's Request for Entry of Default Judgment**

14          In Plaintiff's response in opposition to Defendant Mace's motion to dismiss, Plaintiff

15  request this Court enter default judgment in favor of Plaintiff and against Defendant Mace for

16  $48.6 million dollars. (Doc. No. 274 at 6.) Plaintiff argues that Defendant Mace was served with

17  the first amended complaint on March 14, 2013. (*See* Doc. No. 246 at 2.) Defendant Mace filed a

18  motion to dismiss on April 23, 2013. (Doc. No. 249.) According to Plaintiff, Defendant Mace

19  failed to respond within 21 days after being served with the summons and complaint, therefore,

20  default judgment against Defendant Mace is appropriate. (Doc. No. 274 at 2.) When a Defendant

21  fails to timely answer a complaint, a plaintiff may move the court for an entry of default

22  judgment. Fed. R. Civ. P. 55(b)(2). The district court's decision whether to enter a default

23  judgment is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per

24  curiam).

25          As discussed in detail above, Plaintiff's service of his first amended complaint on

26  Defendant Mace was insufficient. Further, even if Plaintiff could overcome the evidence

27  showing that Plaintiff's service of process was insufficient, Plaintiff's service of process on

28  Defendant Mace of the first amended complaint would still be insufficient because it had been

1    superseded by an amended complaint. To this day, Defendant Mace has yet to be properly

2    served with a summons and complaint. Therefore, Defendant Mace did not fail to timely answer

3    a complaint because she was never served with a summons and complaint. Default judgment

4    should not be entered against Defendant Mace. Accordingly, the Court recommends Plaintiff's

5    motion for default judgment be **DENIED**.

6    **E.    Plaintiff's Request for Referral to Mediation Program**

7            In Plaintiff's response in opposition to Defendant Mace's motion to dismiss, Plaintiff

8    includes a "stipulation to request court to refer case to pro se mediation program with Magistrate

9    Judge Vadas." (Doc. No. 274 at 8.) Plaintiff states that the parties jointly agree to the mediation

10   program to explore a possible settlement. (*Id.*) Generally, stipulations must be recognized as

11   binding on the court only when approved by the judge. Civil Local Rule 7.2(a). Despite the title

12   of Plaintiff's request suggesting a joint request by both parties involved in this litigation, the

13   request has only been signed by Plaintiff, with a space for Defendant's counsel's signature left

14   blank. (Doc. No. 274 at 9.) "The filer of any joint motion or other documents requiring more

15   than one signature must certify that the content of the document is acceptable to all persons

16   required to sign the document by obtaining either physical signatures or authorization for the

17   electronic signature of all parties on the document." *Electronic Case Filing Administrative*

18   *Policies and Procedures Manual*, Section 2(f)(4) (May 6, 2013). Here, neither Defendant Mace

19   or Defendant Mace's counsel has certified that the content of the joint motion is acceptable by

20   signing the document. Accordingly, the Court recommends that Plaintiff's stipulation to request

21   court to refer case to pro se mediation program be **DENIED**.

22                        **IV. CONCLUSION AND RECOMMENDATIONS**

23           For the reasons stated above, the Court recommends:

24           1.      Defendant Mace's motion to dismiss Plaintiff's third amended complaint for

25   failure to exhaust administrative remedies be **GRANTED WITHOUT PREJUDICE AND**

26   **WITHOUT LEAVE TO AMEND**.

27           2.      If the District Judge decides not to adopt this Court's recommendation with regard

28   to Plaintiff's exhaustion of his administrative remedies, this Court recommends **DENYING**

Defendant Mace's motion to dismiss for insufficient service of process, **QUASHING** Plaintiff's unexecuted service of process of his third amended complaint against Defendant Mace, and **GRANTING** Plaintiff additional time to effect service on Defendant Mace.

3.      If the District Judge assigned to this case decides not to adopt this Court's recommendation with regard to Plaintiff's exhaustion of his administrative remedies, this Court recommends **DENYING** Defendant mace's motion to dismiss for untimely service of process and **GRANTING** Plaintiff additional time in which to properly serve Defendant Mace.

4.      If the District Judge assigned to this case decides to adopt this Court's recommendation with regard to Plaintiff's exhaustion of his remedies, this Court recommends that Defendant Mace's arguments with regard to service of process be deemed **MOOT**.

5.      Plaintiff's motion for default judgment against Defendant Mace be **DENIED.**

6.       Plaintiff's stipulation to request court to refer case to pro se mediation program be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. section 636(b)(1).

**IT IS HEREBY ORDERED** that no later than **October 29, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **10 days** of being served with the objections.

**IT IS SO ORDERED.**

Dated:  October 10, 2013

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge

10-cv-2642-AJB (BGS)